JOHN T. AFFELDT (SBN 154430)
TARA KINI (SBN 239093)
JENNY PEARLMAN (SBN 224879)
PUBLIC ADVOCATES, INC.
131 Steuart Street, Suite 300
San Francisco, California 94105
Tel. (415) 431-7430
Fax (415) 431-1048
Email: jaffeldt@publicadvocates.org
       tkini@publicadvocates.org
       jpearlman@publicadvocates.org

JEFFREY SIMES (NY SRN 2813533), *pro hac vice* pending
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 813-8879
Fax: (212) 355-3333
Email: jsimes@goodwinprocter.com

Attorneys for PLAINTIFFS
(Additional attorneys listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONYA RENEE *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARGARET SPELLINGS, in her official capacity; UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case No.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR LEAVE TO PROCEED USING FICTITIOUS NAMES AND TO SUBMIT DECLARATION UNDER SEAL**<br><br>Time:<br>Date:<br>Dept: |

PATRICK THOMPSON (SBN 160804)
NICOLE E. PERROTON (SBN 233121)
ELIZABETH F. STONE (SBN 239285)
GOODWIN PROCTER LLP
101 California Street # 1850
San Francisco, California 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: pthompson@goodwinprocter.com

DAVID B. COOK (DC BN 113522), *pro hac vice* pending
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 346-4000
Fax: (202) 346-4444
Email: dcook@goodwinprocter.com

Attorneys for PLAINTIFFS

## Table of Contents

INTRODUCTION ............................................................................................................................1

    I.    THE COURT HAS DISCRETION TO GRANT PLAINTIFF'S MOTION TO PROCEED ANONYMOSLY. ........................................................................................1

    II.    ANONYMITY IS NECESSARY TO AVOID RETALIATORY HARM AND TO PRESERVE PLAINTIFF'S PRIVACY. ...........................................................................2

        A.    The Applicable Balancing Test Favors Protecting Plaintiff's Privacy ....................2

        B.    Additional Factors Weigh in Favor of The Protection of Plaintiff by This Court ..................................................................................................................4

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Alyssa C. v. Palo Alto Hous. Corp.*, 2007 U.S. Dist. LEXIS 24183 (N.D. Cal. 2007)........................2

*Brambila v. Bd. of Review*, 591 A.2d 605 (N.J. 1991)........................................................................4

*Dept. of Educ. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983)............................................................5

*Doe v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ................................................ *passim*

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)........................................................................................4

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993); .............................................................................4, 5

*L.H. v. Schwarzenegger,* 2007 U.S. Dist. LEXIS 18728 (N.D. Cal. 2007) ..........................................4

*Plyer v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L. Ed. 2d 786 (1982)............................................1, 5

*Roe v. Providence Health System-Oregon*, 2007 U.S. Dist. LEXIS 50656 (D. Or. 2007).................2


**Federal Statute**

20 U.S.C. § 1232g.................................................................................................................................4

**Federal Regulation**

34 C.F.R. Part 99..................................................................................................................................4

# INTRODUCTION

Plaintiffs seek to enforce, through the Administrative Procedure Act, the No Child Left Behind Act ("NCLB"), which serves as the foundation for federal education policy. The sensitive nature of plaintiff Jane Doe's and her *guardian ad litem*, John Doe's, immigration status and their interest in being free from harassment and intimidation are within the ambit of privacy protection afforded by the United States Constitution. The Court may enforce this right by allowing plaintiffs to proceed under fictitious names and ordering that their true identities not be disclosed.

Plaintiff Jane Doe believes that every student deserves a qualified teacher. See ¶6, Declaration of Jane Doe [hereinafter Decl. of J. Doe]. She has agreed to become a plaintiff in this action because she desires that the generations of students that follow her receive better opportunities than she has had. *Id*. She has indicated a genuine fear that if her name or her *guardian ad litem*'s name is used in litigation they will face reprisals from government entities and the community. *Id.* at ¶¶ 7-11.

To protect the plaintiff's privacy interest, plaintiff seeks an order from this Court requiring that: (1) all pleadings and other documents in the public record of this case contain no reference to the actual names of plaintiff and her *guardian ad litem*; (2) plaintiff be allowed to proceed anonymously; (3) the clerk of the court seal the declaration of Jane Doe referring to the actual name of plaintiff and her *guardian ad litem*, John Doe; and (4) all parties, and their legal successors, agents, representatives, or attorneys, be prohibited from disseminating any information concerning the actual names of plaintiff Jane Doe and her *guardian ad litem*, John Doe.

## I. THE COURT HAS DISCRETION TO GRANT PLAINTIFF'S MOTION TO PROCEED ANONYMOSLY.

Federal Rule of Civil Procedure 10(a) states, in relevant part, "in the complaint the title of the action shall include the names of all parties." "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Doe v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). Moreover, anonymous pleadings have been permitted in cases brought to vindicate educational rights. *See, e.g, Plyer v. Do*e, 457 U.S. 202, 102 S.Ct. 2382, 72 L. Ed. 2d 786 (1982).

The Ninth Circuit has articulated a balancing test which weighs the "need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Doe v. Advanced Textile Corp.*, 214 F.3d at 1068. Courts have permitted plaintiffs to proceed under fictitious names in two situations relevant here: (1) "when identification creates a risk of retaliatory physical or mental harm" and (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.*

In actions, such as the case at bar, where fictitious names are used to protect a party from retaliation, *Doe v. Advanced Textile Corporation* established a five-factor balancing test to weigh the parties' respective interests. *Id.* at 1070-73. Under this test "the district court must analyze the (1) severity of the threatened injury, (2) reasonableness of plaintiffs' fears, (3) plaintiffs' vulnerability to retaliation, (4) prejudice to defendants, and (5) public's interest in knowing the parties' names." *Roe v. Providence Health System-Oregon*, 2007 U.S. Dist. LEXIS 50656 (D. Or. 2007) (citing *Doe v. Advanced Textile Corporation,* 214 F.3d 1058); *accord Alyssa C. v. Palo Alto Hous. Corp.*, 2007 U.S. Dist. LEXIS 24183, 1-5 (N.D. Cal. 2007).

## II. ANONYMITY IS NECESSARY TO AVOID RETALIATORY HARM AND TO PRESERVE PLAINTIFF'S PRIVACY.

### A. The Applicable Balancing Test Favors Protecting Plaintiff's Privacy.

Applying the *Doe v. Advanced Textile Corporation* five-factor balancing test (214 F.3d at 1070-73), this Court should find in favor of plaintiff Jane Doe and grant leave to proceed anonymously.

Here, under the <u>first</u> factor of the balancing test, the weight falls in favor of the plaintiff because the severity of the threatened injury is significant. In *Advanced Textile Corporation*, the court found that the threatened harm was severe because the plaintiffs were susceptible to deportation and economic harm if they lost their jobs in retaliation for the lawsuit. *Doe v. Advanced Textile Corporation,* 214 F.3d. at 1071. In the present case, plaintiff Jane Doe and her family could be deported because of their sensitive immigration status or their family may be split apart. *See* ¶ 9 Decl. of J. Doe. In addition, Jane Doe's *guardian ad litem* may lose his job if his immigration status is

revealed, jeopardizing the economic security of Jane Doe's family. Anti-immigrant sentiment is a reality in today's political climate; Jane Doe and her family may be threatened or harassed in school or in the community if her status becomes public. Like the plaintiffs in *Advanced Textile Corporation,* plaintiff and her family here face the threats of deportation, economic harm, social stigmatization, and harassment.

Applying the second factor, Jane Doe's fear is reasonable, particularly in the current political climate. Fear of retaliation is reasonable if a reasonable person would believe the threat could be carried out. *Id.* at 1071. Exemplifying the efforts of the federal government to root out undocumented persons, Julie L. Myers, Assistant Secretary for Homeland Security, states boldly on an ICE factsheet:

> ICE and our law enforcement partners will continue to bring all of our authorities to bear in this fight using criminal charges, asset seizures, administrative arrests and deportations.

*See* http://www.ice.gov/pi/news/factsheets/worksite_operations.htm. Immigrants are well aware of ICE raids which result in criminal charges and deportation of undocumented persons. In her immediate circle of knowledge, Jane Doe noted that her neighbor's friend's parents were deported because of their immigration status and that the ICE police were in her area raiding workplaces. *See* ¶¶ 7-9 Decl. of J. Doe. In addition to actions by the government which threaten Jane Doe and her family, she has been subjected to anti-immigrant sentiment. Jane Doe has heard and experienced stigmatization because of her perceived immigrant status. *See id.* at ¶¶10-11. In light of the climate of ICE raids and anti-immigrant sentiment, a reasonable person would believe that the threat of deportation, economic harm, social stigmatization, and harassment could be carried out. Accordingly, here the fear of retaliation is reasonable.

The third factor weighs in favor of Jane Doe as she and her family are particularly vulnerable to retaliation because the action is against the government, the family's immigration status is of a sensitive nature, and Jane Doe is a minor. In *Advanced Textile Corporation*, the Ninth Circuit explained that when one party is under the control of the other party, the former is vulnerable to retaliation. 214 F.3d at 1072. Here the defendant is the government. Other circuits have recognized

that when a suit is against a government entity, plaintiffs are in a vulnerable position. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The U.S. House Judiciary Committee has recognized that undocumented workers are highly vulnerable and thus are subjected to abuses. The Committee noted that because of undocumented status, workers "live in fear, afraid to seek help when their rights are violated, when they are victimized by criminals, employers or landlords or when they become ill." *Brambila v. Bd. of Review*, 591 A.2d 605, 609 (N.J. 1991) (citing H.R. Rep. No. 99-682(I), 99th Cong., 2d Sess. 49, reprinted in 1986 U.S. Code Cong. & Admin. News 5649, 5653). Compounding her vulnerability, plaintiff Jane Doe is also a minor. Other circuits have recognized that a minor's vulnerable status weighs in favor of protection. *See, e.g, James v. Jacobson*, 6 F.3d at 238; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Because of Jane Doe's particular vulnerability as a minor with a sensitive immigration status seeking action against a government entity, this factor weighs in favor of plaintiff.

The <u>fourth</u> factor also tips in the favor of plaintiff. Defendants would not be prejudiced in any way by plaintiff proceeding under a fictitious name. Revealing Jane Doe's true name to the public will not benefit defendants. *See, e.g., L.H. v. Schwarzenegger,* 2007 U.S. Dist. LEXIS 18728, 44-53 (N.D. Cal. 2007).

Finally, the <u>fifth</u> factor is the public's interest in knowing the parties' names. Although the public has an interest in disclosure of the names of parties to judicial proceedings, there is also a public interest in seeing the suit move forward. *See Doe v. Advanced Textile Corporation,* 214 F.3d. at 1073. Moreover, this is not a case that will turn on the individual circumstances of the plaintiffs. It is a challenge to a United States Department of Education regulation that turns on a purely legal question: did Congress give defendants the authority to issue the regulation at issue, and does the regulation conflict with the NCLB statute itself? The specific facts of the plaintiffs, beyond the fact that they, like hundreds of thousands of other California students have had, currently have or are at substantial risk of having intern teachers, are not particularly relevant. Thus, there is no significant public interest in delving into the particular facts of any given plaintiff, and much less so in exposing Jane Doe or her immigration status publicly. In short, Plaintiff's interest in protecting her privacy and

4

the public's interest in the advancement of this action outweigh the public's interest in disclosure of plaintiff Jane Doe's identity, especially where this action presents a purely legal question for which facts regarding Jane Doe's identity are irrelevant. *See, e.g*, *Plyer v. Doe*, 457 U.S. 202 (a child's right to a free public education exists without regard to undocumented immigration status).

### B. Additional Factors Weigh in Favor of The Protection of Plaintiff by This Court.

Here, plaintiff's status as a student particularly weighs in favor of protection from the court. Plaintiff has a substantial privacy interest in her educational records and history. *See* 20 U.S.C. § 1232g; 34 C.F.R. Part 99. In the course of this action it may be necessary for details concerning Jane Doe's educational history and record to be revealed. Since plaintiff is currently a student in California's public schools, she is entitled to confidentiality with respect to these matters. Public disclosure of Jane Doe's true identity could result in stigmatization of plaintiff due to her immigration status and interfere with her right to equal educational opportunities. Both the United States Supreme Court and the Ninth Circuit Court of Appeals have implicitly approved the use of fictitious names by plaintiffs asserting their rights to education. *See, e.g, Plyer v. Doe,* 457 U.S. 202 (undocumented children seeking right to a free public education); *Dept. of Educ. v. Katherine D*., 727 F.2d 809 (9th Cir. 1983) (educationally handicapped student enforcing her right to a free appropriate public education). In addition, here the suit has the risk of exposing innocent non-parties—Jane Doe's family—to retaliation. *See James v. Jacobson*, 6 F.3d at 238. These factors also weigh in favor of identity protection.

### CONCLUSION

In balancing the importance of plaintiff's educational interests against the interest in public disclosure of plaintiff Jane Doe's and her *guardian ad litem* John Doe's identity, the scale tips in favor of the plaintiff. Therefore, plaintiff requests that this Court exercise its discretion in favor of allowing plaintiffs to proceed anonymously.

1
2   Dated: August 21, 2007                Respectfully submitted,
3
4                                         _____
5                                         JOHN T. AFFELDT
                                          JENNY PEARLMAN
6                                         TARA KINI
                                          PUBLIC ADVOCATES, INC.
7                                         Attorneys for Plaintiffs
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                        6

MPA IN SUPPORT OF EX PARTE MTN FOR LEAVE TO PROCEED USING FICTITIOUS NAMES &
TO SUBMIT DECLARATION UNDER SEAL