1  JOHN T. AFFELDT (SBN 154430)
   JENNY PEARLMAN (SBN 224879)
2  TARA KINI (SBN 239093)
   PUBLIC ADVOCATES, INC.
3  131 Steuart Street, Suite 300
   San Francisco, California 94105
4  Tel. (415) 431-7430
5  Fax (415) 431-1048
   Email: jaffeldt@publicadvocates.org
6         jpearlman@publicadvocates.org
          tkini@publicadvocates.org
7
8  JEFFREY SIMES (NY SRN 2813533), appearing
   GOODWIN PROCTER LLP           *pro hac vice*
9  599 Lexington Avenue
   New York, New York 10022
10 Tel: (212) 813-8879
11 Fax: (212) 355-3333
   Email: jsimes@goodwinprocter.com
12
13 Attorneys for PLAINTIFFS
   (Additional attorneys listed on following page)

   JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
   SCOTT N. SCHOOLS
   United States Attorney
   SHEILA M. LIEBER
   Assistant Branch Director
   MICHAEL Q. HYDE
   Trial Attorney
   Civil Division, Federal Programs Branch
   United States Department of Justice
   20 Massachusetts Ave., N.W., Room 7132
   P.O. Box 883
   Washington, D.C. 20044
   Tel. (202) 514-2205
   Fax (202) 616-8470
   Email: Michael.hyde@usdoj.gov

   Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONYA RENEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARGARET SPELLINGS, et al., <br><br> Defendants. | Case No. 3:07-cv-04299-PJH <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

| | |
|---|---|
| 1 | PATRICK THOMPSON (SBN 160804) |
| 2 | NICOLE E. PERROTON (SBN 233121) |
| | ELIZABETH F. STONE (SBN 239285) |
| 3 | GOODWIN PROCTER LLP |
| | Three Embarcadero Center |
| 4 | 24th Floor |
| 5 | San Francisco, California 94111 |
| | Tel: (415) 733-6000 |
| 6 | Fax: (415) 677-9041 |
| 7 | Email: pthompson@goodwinprocter.com |
| | nperroton@goodwinprocter.com |

PATRICK THOMPSON (SBN 160804)
NICOLE E. PERROTON (SBN 233121)
ELIZABETH F. STONE (SBN 239285)
GOODWIN PROCTER LLP
Three Embarcadero Center
24th Floor
San Francisco, California 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: pthompson@goodwinprocter.com
        nperroton@goodwinprocter.com

DAVID B. COOK (DC BN 113522), appearing *pro hac vice*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 346-4000
Fax: (202) 346-4444
Email: dcook@goodwinprocter.com

Attorneys for PLAINTIFFS

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:07-cv-04299-PJH

1  The parties to the above-entitled action jointly submit this Case Management Statement.

**1. Jurisdiction and Service**

The parties agree that, assuming that the Court has subject matter jurisdiction under Article III of the Constitution, see below, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

As to jurisdiction under Article III of the Constitution, it is Defendants' position that the Court may be called upon to determine whether Plaintiffs have satisfied Article III's case or controversy requirement for jurisdiction. Because Plaintiffs filed their Amended Complaint only two days prior to this Report's due date, Defendants have not had adequate time to review the amended allegations regarding the new and original plaintiffs, but anticipate that at least some of the plaintiffs may lack standing to challenge 34 C.F.R. § 200.56(a)(2)(ii). For example, organizational plaintiff Association of Community Organizations for Reform Now ("ACORN") has not identified a single member of its organization that is being taught by, or is the parent of a student being taught by such teachers and therefore may lack standing.

It is Plaintiffs' position that Defendants should be able to discern, if not presently, then by the Case Management hearing, whether they plan to challenge plaintiffs' standing. Factual allegations concerning all but three of the plaintiffs in the Amended Complaint were made in the original Complaint filed on August 21, 2007. For example, in the original and Amended Complaint, ACORN identifies a member whose daughter has been taught by more than one intern teacher and who attends a school with a substantial concentration of intern teachers. In addition, without regard to its "representative" standing, ACORN alleges several organizational goals that are hindered by Defendants' regulation as necessary to establish its own independent "organizational" standing.

The parties agree that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because numerous plaintiffs allege that they reside and attend school in this district, where they are taught or have been taught by teachers who are labeled as "highly qualified" pursuant to Defendants' challenged regulation. The parties agree that venue is also proper in this

1  judicial district pursuant to 28 U.S.C. § 1391(e) because Defendants are an officer and an agency
2  of the United States and one or more plaintiffs allege that they reside in this district.
3      The parties agree that all parties have been served.

## 2. Facts

    **(a) Chronology of Facts**

        *Plaintiffs' Chronology:*

Plaintiffs' complaint alleges the following: Defendants' Secretary of Education and the United States Department of Education have promulgated a regulation defining the term "highly qualified" teacher that conflicts with Congress's explicit definition of the term as set forth in the No Child Left Behind Act ("NCLB"). NCLB mandates that each child be taught by a "highly qualified" teacher for core classes by the end of the 2005-06 school year and sets a statutorily defined standard for such teachers which requires that they have *completed* their teacher preparation programs and "obtained full state certification." 20 U.S.C. § 7801(23)(A). Defendants' regulation countermands Congress' clear directive by designating as "highly qualified" teachers who are merely *participating* in alternative preparation routes and are still in training to obtain their full state certification. 34 C.F.R. § 200.56(a). Plaintiffs bring suit under the Administrative Procedure Act, which protects individuals from agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or in excess of statutory authority. 5 U.S.C. § 706(2)(A) and (C).

Defendants' regulation characterizing teachers in training through alternative programs as "highly qualified" affects a dozen different provisions of NCLB which operate independently and in tandem to ensure that all students are taught by "highly qualified" teachers. These provisions require that: (1) by the end of the 2005-2006 school year, all students must be taught by "highly qualified" teachers in core academic classes; (2) any non-"highly qualified" teachers may not be disproportionately concentrated in schools with high percentages of low-income or minority students; (3) states and local districts must develop plans to deliver "highly qualified" teachers in all core academic classes and to provide for equitable distribution of these teachers;

(4) schools receiving Title I funds must inform individual parents when a non-"highly qualified" teacher teaches his/her child for more than four weeks; and (5) states and school districts must report annually to the public accurate information regarding the progress that schools, districts, and states are making towards meeting NCLB's "highly qualified" requirements and the numbers of teachers who are not "highly qualified;" (5) states must provide this information to the U.S. Department of Education, which then reports to Congress the nationwide statistics on "highly qualified" teachers.

Plaintiffs allege that Defendants' conduct, in undermining the standard of a "highly qualified" teacher, contravenes the Congressional mandates that all students receive "highly qualified" teachers and that non-"highly qualified" teachers are distributed equitably. In addition, Defendants' regulation frustrates Congress's intent that schools, districts, and states provide relevant, meaningful information concerning the experience and qualifications of the teachers of the nation's children.

Plaintiffs allege that as a result of Defendants' regulation, tens of thousands of teachers in training nationwide—and over 10,000 in California alone who are currently participating in alternative certification programs—are labeled as "highly qualified," contrary to Congressional intent. In California, these teachers (commonly known as "intern" teachers) disproportionately serve in low-performing schools serving high concentrations of minority and low-income students, which, Plaintiffs allege, also violates Congressional intent that non-highly qualified teachers be equitably distributed.

Plaintiffs Candice Johnson, Jose Aldana, B. Doe, Danielle Rubio, Stephanie Rubio, Daisy Gonzalez, Jazmine Johnson, Adriana Ramirez, Jane Doe—along with members of organizational Plaintiffs Californians for Justice ("CFJ") and California ACORN—attend schools in which they are taught by an intern teacher and/or have been taught by an intern and/or in which there are significant numbers of interns creating a substantial likelihood that they will be taught by intern teachers again. Defendants' regulation, lowering the standard for "highly qualified" teachers, permits the continued concentration of intern teachers at the schools Plaintiffs and their members

attend and deprives the public and parents—including parent Plaintiffs Sonya Renee, Maribel Heredia, Mariel Rubio, Guadalupe Gonzalez and N. Doe—of accurate information about non-"highly qualified" teachers teaching in their schools and school districts. Further, the alterations to the representation and reporting of "highly qualified" teachers permitted by Defendants' regulation frustrates CFJ's and ACORN's efforts to provide access to qualified teachers for all students and accurate information about qualified teacher distribution.

Plaintiffs seek declaratory and injunctive relief that will: (1) declare the provision in question unlawful, (2) enjoin Defendants from utilizing or enforcing the provision, (3) provide notice to the states that NCLB's "highly qualified" provisions should be implemented and enforced without regard to the regulatory provision in question; and (4) provide notice to Congress of accurate numbers for "highly qualified" teachers.

*Defendants' Chronology:*

Defendants contend that most of Plaintiffs' chronology of facts is in substance Plaintiffs' interpretation of the law, not facts. For example, Plaintiffs' statement that 34 C.F.R. § 200.56(a)(2)(ii) "countermands Congress' clear directive by designating as 'highly qualified' teachers who are merely participating in alternative preparation routes and are still in training to obtain their full state certification" is the Plaintiffs' interpretation of the law and their legal position in this case, not a fact. Defendants deny Plaintiffs' characterizations of the law and that 34 C.F.R. § 200.56(a)(2)(ii) is contrary to the requirements of 20 U.S.C. § 7801(23) as a matter of law. Defendants summarize their legal position in Section 3 below.

As to the relevant facts, President Bush signed the No Child Left Behind Act of 2001, P.L. 107-110, 115 Stat 1425, ("NCLB") on January 8, 2002. After notice and comment, the Department of Education issued regulations related to NCLB on December 2, 2002. 67 Fed. Reg. 71709, 71715 *et seq*. (Dec. 2, 2002). Included in those regulations is the current version of 34 C.F.R. § 200.56(a)(2)(ii). In addition to these facts, Plaintiffs' allegations regarding their standing to challenge 34 C.F.R. § 200.56(a)(2)(ii), about which Defendants lack knowledge and can neither confirm nor deny at this stage, will be relevant.

**(b) Principal Factual Issues in Dispute**

It is Plaintiffs' position that this action presents no material factual issues. It is or should be undisputed that Defendants have promulgated the regulation in question; that thousands of teachers participating in alternative route programs are being labeled "highly qualified" in California and nationally solely as a result of the regulation in question and that Plaintiff students and their parents are affected by the regulation in question, given the presence of alternative route teachers in their schools and districts.

Defendants agree that the issue of whether 34 C.F.R. § 200.56(a)(2)(ii) is a permissible interpretation of 20 U.S.C. § 7801(23) and other related provisions of the NCLB is a question of law and that, therefore, there are no material facts that must be decided by the Court on that issue. Defendants do not admit that there are any teachers in California or elsewhere who are teaching solely on the basis of 34 C.F.R. § 200.56(a)(2)(ii). Beyond this, factual issues may arise as to whether any or all of the plaintiffs have alleged an injury that satisfies the case or controversy requirement in Article III of the Constitution. Plaintiffs amended their Complaint to add plaintiffs and to amend allegations regarding the injuries alleged by the original plaintiffs only two days before this report is due. Accordingly, Defendants are still reviewing the Amended Complaint to determine whether a challenge to the Court's jurisdiction under Article III is appropriate. Defendants summarize their position on jurisdiction in Section 1 above.

**3. Legal Issues**

Plaintiffs believe the following constitute the principal disputed legal issues: (1) whether Defendants' regulatory definition of the term "highly qualified" teacher conflicts with the definition Congress set forth in the NCLB Act and therefore is in excess of Defendants' statutory authority and in violation of the Administrative Procedure Act; and (2) what should be the scope of relief if Plaintiffs prevail in this action.

Plaintiffs contend that Defendants should be able to discern, if not presently, then by the Case Management hearing, whether they plan to challenge plaintiffs' standing.

Defendants agree with Plaintiffs' statement above as it pertains to 34 C.F.R. § 200.56(a)(2)(ii). Defendants contend that, as to the merits of the legal issues presented, the Court will be called upon to decide whether 34 C.F.R. § 200.56(a)(2)(ii) is a permissible interpretation of the NCLB, including 20 U.S.C. § 7801(23), which states in relevant part:

> The term "highly qualified"--
> (A) when used with respect to any public elementary school or secondary school teacher teaching in a State, means that--
> (i) the teacher has obtained full State certification as a teacher (including certification obtained through alternative routes to certification) or passed the State teacher licensing examination, and holds a license to teach in such State, except that when used with respect to any teacher teaching in a public charter school, the term means that the teacher meets the requirements set forth in the State's public charter school law; and
> (ii) the teacher has not had certification or licensure requirements waived on an emergency, temporary, or provisional basis . . . .

20 U.S.C. § 7801(23). Defendants contend that Congress has not defined the term "full State certification as a teacher," nor has it specifically prohibited the Department of Education from interpreting the term to include those participating in alternative route to certification programs. Accordingly, defendants are entitled under the doctrine announced by the Supreme Court in *Chevron U.S.A. v. N.R.D.C.*, 467 U.S. 837 (1984), to interpret the statute using its agency expertise and has done so in 34 C.F.R. § 200.56(a)(2)(ii). In addition, Section 200.56(a)(2)(ii) is consistent with congressional authorization of programs providing alternative routes to certification. *See, e.g.*, 20 U.S.C. § 6671 *et seq.* (establishing Troops-to-Teachers program providing avenue for eligible members of armed forces to be certified as teachers); 20 U.S.C. § 6681 *et seq.* (establishing Transition to Teaching program providing avenue for eligible mid-career professionals and recent college graduates who have not majored in education to be certified as teachers); 20 U.S.C. §§ 6601, 6613(c)(3) (permitting States to use certain grant funds under NCLB to hire teachers through alternative route to certification program). Finally, Defendants contend that, should Plaintiffs seek to enforce statutory requirements that may deny States federal funding or authorize other sanctions for failure to comply with NCLB's "highly qualified teacher" provisions, Congress created no private right of action enabling them to do so.

1    Instead, Congress left decisions as to whether sanctions are appropriate and what any such
2    sanctions should be to the discretion of the Secretary of Education.
3        Defendants add that the Court may also be called upon to determine whether Plaintiffs'
4    Amended Complaint satisfies Article III's case or controversy requirement.  *See* Section 1 above.

**4. Motions**

    (a)   *The Doe Motion*

Plaintiffs filed, with their complaint, an Ex Parte Motion for Leave to Proceed Anonymously and to File Declaration Under Seal which sought to permit one of the plaintiff to proceed in this litigation as a "Doe" due to her sensitive immigration status.  Upon learning of Defendants' plans to oppose this motion, Plaintiffs withdrew this ex parte motion with plans to re-file and schedule it for hearing.  Plaintiffs have recently amended the complaint, adding two additional Does.  Now that these additional Does have entered the case, Plaintiffs will soon be re-filing the ex parte motion as a regularly noticed motion, encompassing all the putative Doe plaintiffs in the action.

    (b)   *Dispositive Motions*

As set forth above, the parties agree that this action presents questions of law that can be decided expeditiously with minimal discovery.  For this reason, Plaintiffs intend to file a Motion for Summary Judgment.  Defendants will oppose Plaintiffs' motion, may file a dispositive cross-motion, and may file an additional motion to dismiss.  The parties are continuing to negotiate an agreed briefing schedule to propose to the Court at the case management conference.  The briefing schedule the parties are discussing would propose the completion of briefing on the dispositive motion(s) and a hearing date in Spring 2008.

**5. Amendment of Pleadings**

On November 27, 2007, Plaintiffs filed an amended complaint.  The amended complaint does not add any substantive legal claims.  The primary amendments add additional plaintiffs and update information on current plaintiffs.

**6. Evidence Preservation**

Plaintiffs expect to receive the Defendants' complete rule-making file with respect to the NCLB regulations, including documents reflecting Defendants' rationale for drafting the regulation in question.  Additionally, Plaintiffs have also requested any official guidance issued by Defendants to third parties concerning the "highly qualified" teacher provisions of NCLB. Beyond these documents, Plaintiffs do not foresee any issues in this case with evidence preservation.

Defendants are preparing to file the administrative record for 34 C.F.R. § 200.56(a)(2)(ii) and object to any discovery of additional information.  Although preserving their objection to discovery, see Section 7 below, Defendants are willing to work with Plaintiffs to determine whether any additional, publicly-available, and non-privileged documents containing official guidance for 34 C.F.R. § 200.56(a)(2)(ii) issued after the promulgation of the regulation exist and can be provided to Plaintiffs informally.

**7. Disclosures**

Defendants object to any initial disclosures in this case because this case is one that will be decided based upon the administrative record for 34 C.F.R. § 200.56(a)(2)(ii) and is therefore exempt from the initial disclosure requirement.  *See* Fed. R. Civ. P. 26(a)(1)(E)(i).  In addition, Defendants notified Plaintiffs of this objection during the parties' conference held on November 15, 2007.  Accordingly, Defendants will not provide any initial disclosures.  *See* Fed. R. Civ. P. 26(a)(1) (initial disclosures not required where party "objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan).

In addition, Defendants object to any discovery in this case beyond the filing of the administrative record for 34 C.F.R. § 200.56(a)(2)(ii).  Discovery is inappropriate because Plaintiffs' Complaint only raises issues of law, *i.e.* whether 34 C.F.R. § 200.56(a)(2)(ii) is a permissible interpretation of the relevant provisions of the NCLB.  The Court's consideration of

the validity of 34 C.F.R. § 200.56(a)(2)(ii) is limited to determining, based upon the administrative record, whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a). This standard requires no factual discovery in this case.

Plaintiffs agree that this case presents solely an issue of law; however, it is Plaintiffs' position that additional discovery may be needed. Most, if not all, of the relevant documents are expected to be part of the administrative record/rulemaking file for the regulation at issue in this action, which Plaintiffs have requested and which Defendants have already agreed to provide at the time they file their answer. Plaintiffs will make a determination as to any necessary additional discovery once Plaintiffs have had an opportunity to review the administrative record/rulemaking file.

Plaintiffs are producing the following initial disclosures by November 29, 2007:
- The names and addresses of plaintiffs (except for the Doe plaintiffs);
- The names and school addresses of intern teachers who have taught plaintiffs;
- Information on the number and distribution of intern teachers in Californian and/or nationwide, to the extent that this information is available;
- Program information from Plaintiffs California ACORN and Californians for Justice Educational Fund.

Plaintiffs have already requested the following from Defendants, who have informed Plaintiffs that this information will be provided as part of the administrative record which Defendants plan to file with their Answer:
- Administrative record/rulemaking file for the NCLB regulations;
- Documents reflecting Defendants' rationale or basis for adopting the regulation in question.

Plaintiffs have also requested any official guidance issued by Defendants to third parties concerning the "highly qualified" teacher provisions of NCLB. The parties have agreed that they

will review the U.S. Department of Education's website to determine what official guidance is available there and will revisit the issue after production of the administrative record.

### 8. Discovery

There has been no discovery taken to date.  For the reasons stated in Section 7 above, Defendants object to any discovery in this case.

The parties agree that the administrative record may satisfy Plaintiffs' concerns regarding discovery and have therefore agreed to revisit Plaintiffs' position on discovery after Defendants file the administrative record.  The parties will seek Court resolution of this issue only if they are unable to resolve it themselves after Defendants have filed the administrative record.

### 9. Class Actions

This action is not filed on behalf of a class.

### 10.  Related Cases

There are no related cases.

### 11. Relief

Plaintiffs ask that the court grant the following declaratory and injunctive relief:

1. Enter a declaratory judgment that Defendants' regulation set forth at 34 C.F.R. § 200.56(a)(2)(ii), defining a "highly qualified" teacher as one who "is participating in an alternative route to certification program," is unlawful and void pursuant to the APA (5 U.S.C. § 706) for the reason that Defendants' regulation contravenes the definition of "highly qualified" established by Congress in the No Child Left Behind Act (20 U.S.C. § 7801(23)(A));

2. Enjoin defendants from utilizing, enforcing, or relying upon 34 C.F.R. § 200.56(a)(2)(ii) in any way;

3. Enjoin Defendants from submitting the 2005-2006 report to Congress on teacher quality and the percentage of classes nationwide taught by "highly qualified" teachers, pursuant to 20 U.S.C. § 6311(h)(5)—as well as any further outstanding reports or future reports due to Congress relating to "highly qualified" teachers

10

      under NCLB—that fail to designate teachers participating in alternative certification programs as not "highly qualified";

4. Order Defendants to notify Congress that the 2002-2003 report provided to Congress pursuant to 20 U.S.C. § 6311(h)(5) relied on an unlawful definition of "highly qualified" teacher and was therefore inaccurate;

5. Order Defendants to notify states that: (a) Defendants' regulation defining a "highly qualified" teacher as one who "is participating in an alternative route to certification program" (34 C.F.R. § 200.56(a)(2)(ii)) is unlawful and void; and (b) states should use the definition of "highly qualified" provided in the No Child Left Behind Act (20 U.S.C. § 7801(23)(A)) and in 34 C.F.R. § 200.56(a) absent 34 C.F.R. § 200.56(a)(2)(ii) in complying with their "highly qualified" teacher obligations under NCLB and in enforcing compliance by individual districts and schools

6. Award Plaintiffs their costs, attorneys' fees, and other disbursements in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

7. Grant Plaintiffs such other and further relief as the Court may deem just and proper.

Defendants deny that Plaintiffs are entitled to the relief requested or to any relief in this matter.

**12. Settlement and ADR**

Plaintiffs remain open to discussing settlement.

Defendants do not believe that settlement is possible or that ADR would be helpful at this time because Plaintiffs challenge a binding regulation.

**13. Consent to Magistrate Judge for All Purposes**

This case was initially assigned to Magistrate Judge Edward M. Chen. Defendants declined to consent to a magistrate judge, and therefore this case was reassigned to Judge Hamilton.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15 & 16. Narrowing of Issues; Expedited Schedule**

As set forth above, the parties agree that this case presents a narrow question of law and that the material facts are not in dispute. As such, Plaintiffs contend this case is one appropriately addressed through a motion for summary judgment and that a trial is not necessary. Given the public importance of the issues in this case, Plaintiffs believe it is important to address the merits as soon as possible within the present school year. Plaintiffs believe that this case may be appropriately handled on an expedited basis.

Defendants agree that this case does not require lengthy pre-trial practice and is likely to be decided on the parties' dispositive motions. Because Defendants object to any discovery in this matter, see Section 7 above, the Court need not enter any discovery schedule.

**17. Scheduling**

See No. 16, above.

**18. Trial**

As noted, the parties do not believe that a trial is necessary in this matter because the parties expect that there will be no disputes of material facts. Should this case proceed to trial, the court—not a jury—will decide the case. The expected length of trial is 1-3 days. The parties request that the Court postpone any determination of trial schedule until after all dispositive briefing has been completed.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiffs restate it here:

Pursuant to Civil L.R. 3-16, Plaintiffs certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations),

12

or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Individuals who are currently participating in teacher preparation programs through an alternative route and currently labeled "highly qualified" under NCLB—commonly known in California as "intern" teachers—may be considered "interested parties." If plaintiffs prevail in this litigation, these individuals will no longer be labeled "highly qualified" teachers.

Because Defendants are a government official sued in her official capacity and a government agency, the Local Rule requiring disclosure of non-party interested entities or persons does not apply to them. *See* Civil L.R. 3-16(a).

Dated: November 29, 2007

                                            Respectfully submitted,

                                            */s/ John T. Affeldt*
                                            _____
                                            JOHN T. AFFELDT
                                            TARA KINI
                                            JENNY PEARLMAN
                                            PUBLIC ADVOCATES, INC.
                                            Attorneys for PLAINTIFFS

//
//
//
//
//
//

Dated: November 29, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
SHEILA M. LIEBER
Assistant Branch Director


 /s/signed with authorization – see Attestation
MICHAEL Q. HYDE
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7132
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-2205
Facsimile: (202) 616-8470
Email: michael.hyde@usdoj.gov
Attorneys for DEFENDANTS

| | |
|---|---|
| Dated: November 29, 2007 | Respectfully submitted,<br><br>JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General<br>SCOTT N. SCHOOLS<br>United States Attorney<br>SHEILA M. LIEBER<br>Assistant Branch Director<br><br>/s/ Michael Q. Hyde<br>MICHAEL Q. HYDE<br>Trial Attorney<br>Civil Division, Federal Programs Branch<br>United States Department of Justice<br>20 Massachusetts Ave., N.W., Room 7132<br>P.O. Box 883<br>Washington, D.C. 20044<br>Tel: (202) 514-2205<br>Facsimile: (202) 616-8470<br>Email: michael.hyde@usdoj.gov<br>Attorneys for Defendants. |