1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  SCOTT N. SCHOOLS
   United States Attorney
3  SHEILA M. LIEBER
   Assistant Branch Director
4  MICHAEL Q. HYDE
   Trial Attorney
5  Civil Division, Federal Programs Branch
   United States Department of Justice
6  20 Massachusetts Ave., N.W., Room 7132
   P.O. Box 883
7  Washington, D.C. 20044
   Tel: (202) 514-2205
8  Facsimile: (202) 616-8470
   Email: michael.hyde@usdoj.gov

9

10          **IN THE UNITED STATES DISTRICT COURT**
         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  _____
                                          )
12  SONYA RENEE, et al.,                  )    Civil Action No. 3:07cv4299
                                          )
13                  Plaintiffs,           )
                                          )
14            v.                          )    **DEFENDANTS' ANSWER TO THE**
                                          )    **FIRST AMENDED COMPLAINT**
15  MARGARET SPELLINGS, et al.,           )
                                          )
16                  Defendants.           )
    _____)

17

18          Pursuant to Federal Rule of Civil Procedure 8, defendants United States Department of

19  Education and Secretary of Education Margaret Spellings (collectively "Defendants") by and

20  through their undersigned counsel, answer plaintiffs' First Amended Complaint for Declaratory

21  and Injunctive Relief [docket no. 30] ("Complaint") as follows:

22                              FIRST DEFENSE

23          The Court lacks jurisdiction over one or more of plaintiffs' claims.

24                             SECOND DEFENSE

25          Plaintiffs fail to state a claim upon which relief can be granted.

26                              THIRD DEFENSE

27          Plaintiffs lack standing to assert one or more of their claims.

28

FOURTH DEFENSE

With respect to the numbered paragraphs of plaintiffs' Complaint, defendants answer as follows:

1.    The allegations of the first sentence of paragraph 1 consist of plaintiffs' characterizations of their case to which no answer is required.  Defendants deny the remaining allegations in paragraph 1.

2.    The allegations of the first three sentences in paragraph 2 consist of plaintiffs' opinions, characterizations of their case, characterizations of statutes or regulations, and conclusions of law to which no answer is required.  To the extent an answer may be required, deny, except to admit that the defendants consider the No Child Left Behind Act ("NCLB") to be a pivotal element of federal education policy for elementary and secondary schools.  The allegations in the last sentence consist of plaintiffs' characterization of a document signed by the Secretary of Education on or about October 21, 2005.  No response is necessary because the document speaks for itself.  To the extent an answer may be required, deny, except to admit that the Secretary issued the document attached to the Complaint at Exhibit 1.

3    The allegations of paragraph 3 consist of plaintiffs' characterizations of a statute and conclusions of law to which no answer is required.

4.    The allegations of paragraph 4 consist of characterizations of the NCLB and conclusions of law to which no answer is required.

5.    Deny.

6.    The allegations of first sentence of paragraph 6 consist of characterizations of the NCLB and conclusions of law to which no answer is required.  Defendants deny the remaining allegations in paragraph 6.

7.    Deny.

8.    To the extent that plaintiffs allege that defendants have acted or have permitted the labeling of persons as highly qualified teachers in a manner not authorized by law, deny.  To the extent the allegations in paragraph 8 contain allegations about the conduct of the State of California, it is unclear what plaintiffs mean by the term "intern" and defendants lack

2

1    knowledge or information sufficient to form a belief as to the truth of the allegations.  The
2    remainder of the allegations in paragraph 8 consist of conclusions of law to which no answer is
3    required.

4              9.       Defendants lack knowledge or information sufficient to form a belief as to the
5    truth of the allegations in the first sentence of paragraph 9.  Defendants deny the remaining
6    allegations in paragraph 9.

7              10.     Deny.

8              11.     The allegations contained in paragraph 11 consist of conclusions of law
9    pertaining to the jurisdictional basis for this action for which no response is required.

10             12.     The allegations contained in paragraph 12 consist of conclusions of law
11   pertaining to the jurisdictional basis for this action for which no response is required.

12             13.     The allegations contained in paragraph 13 consist of conclusions of law
13   pertaining to the jurisdictional basis for this action for which no response is required.

14             14.     The allegations contained in paragraph 14 consist of conclusions of law
15   pertaining to the proper venue for this action for which no response is required.

16             15.     To the extent the allegations in paragraph 15 contain factual allegations
17   regarding the places of residence or business for plaintiffs or their members, defendants lack
18   knowledge or information sufficient to form a belief as to the truth of the allegations.
19   Defendants deny any remaining allegations in paragraph 15.

20             16.     The allegations contained in paragraph 16 consist of conclusions of law
21   pertaining to the proper venue for this action for which no response is required.

22             17.     Defendants lack knowledge or information sufficient to form a belief as to the
23   truth of the allegations contained in paragraph 17.

24             18.     Deny.

25             19.     Defendants lack knowledge or information sufficient to form a belief as to the
26   truth of the allegations contained in paragraph 19.

27             20.     Deny.

28             21.     Defendants lack knowledge or information sufficient to form a belief as to the

3

truth of the allegations contained in paragraph 21.

22.    Deny.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.    Deny.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.    Deny.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.    Deny.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.    Deny.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.    Deny.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.    Deny.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.    The first sentence of paragraph 38 contains a characterization of the action to which no response is required.  Defendants lack knowledge or information sufficient to form a

4

1

2

belief as to the truth of the allegations regarding Sayra Reyes.  Defendants deny the remaining allegations contained in paragraph 38.

3

4

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

5

6

7

40.    The first sentence of paragraph 40 contains a characterization of the action to which no response is required.  Defendants deny the remaining allegations contained in paragraph 40.

8

9

10

11

12

41.    Defendants admit the allegations in the first and second sentences of paragraph 41, with the exception of plaintiffs' allegations regarding the Secretary's responsibilities involving 20 U.S.C. §§ 6571 and 6578, which are conclusions of law for which no answer is required.  The third sentence of paragraph 41 consists of plaintiffs' characterization of the action to which no answer is required.

13

14

15

42.    Defendants admit the allegations in paragraph 42, with the exception of plaintiffs' allegations regarding the Department of Education's responsibilities involving 20 U.S.C. §§ 6571 and 6578, which are conclusions of law for which no answer is required.

16

17

18

43.    Defendants admit that President Bush signed into law the NCLB, Pub. L. No. 107-110, 115 Stat. 1425, and that before Congress are proposals to reauthorize that Act.  The remainder of paragraph 43 consists of conclusions of law to which no response is required.

19

20

44.    The allegations contained in paragraph 44 consist of characterizations of the NCLB and conclusions of law to which no answer is required.

21

22

23

24

25

45.    The allegations contained in the first sentence of paragraph 45 consist of conclusions of law to which no answer is required.  The allegations in the remainder of paragraph 45 consist of plaintiffs' characterization of a document signed by the Secretary of Education on or about October 21, 2005.  No response is necessary because the document speaks for itself.

26

27

46.    The allegations contained in paragraph 46 consist of characterizations of the NCLB to which no answer is required.

28

47.    The allegations contained in paragraph 47 consist of characterizations of the

NCLB and conclusions of law to which no answer is required.

48.    The allegations contained in paragraph 48 consist of characterizations of the NCLB and conclusions of law to which no answer is required.

49.    The allegations contained in paragraph 49 and its sub-paragraphs consist of characterizations of the NCLB and conclusions of law to which no answer is required.

50.    The allegations contained in paragraph 50 and its sub-paragraphs consist of characterizations of the NCLB and conclusions of law to which no answer is required.

51.    Defendants admit that no State reported that by the end of the 2005-2006 school year all teachers of core academic subjects were "highly qualified." Defendants deny that the documents cited imposed any deadline regarding the use of highly qualified teachers in core classes by the end of the 2006-2007 school year. The remainder of the allegations in paragraph 51 consist of plaintiffs' characterization of documents signed by the Secretary of Education on July 23, 2007, and October 21, 2005. No response is necessary because the documents speak for themselves.

52.    The allegations in paragraph 52 consist of plaintiffs' characterization of a document signed by the Secretary of Education on October 21, 2005. No response is necessary because the document speaks for itself.

53.    The allegations in paragraph 53 consist of plaintiffs' characterization of a document released by the Department of Education. No response is necessary because the document speaks for itself. To the extent an answer may be required, deny, except to admit that the Department issued the document attached to the Amended Complaint at Exhibit 5.

54.    Defendants admit that the Department issued the document attached to the Amended Complaint at Exhibit 10. Defendants deny that the document cited imposed any deadline regarding the use of highly qualified teachers in core classes by the end of the 2006-2007 school year, and thus deny that any extension of a deadline was granted. Defendants admit that it is unclear if any State as yet has achieved a rate of 100 percent of teachers of core academic subjects being "highly qualified." The remainder of the allegations in paragraph 54 consist of plaintiffs' characterization of a document signed by the Secretary of Education on

July 23, 2007.  No response is necessary because the document speaks for itself.

55.     To the extent the allegations in paragraph 55 consist of plaintiffs' characterization of document signed by the Secretary of Education on July 23, 2007, no response is necessary because the document speaks for itself.  It is unclear what plaintiffs mean by the term "sanction";  defendants state that to date, they have not imposed any financial sanctions on any State for failure to report all teachers as highly qualified but have required some States to provide additional information as a condition of receiving grant funds.  The remaining allegations in paragraph 55 consist of characterizations and conclusions of law to which no answer is required.

56.     Defendants admit that they do not yet have State data for the 2006-2007 school year on the highly-qualified teacher goal.  The remaining allegations in paragraph 56 consist of plaintiffs' opinions, characterizations of a letter signed by the Secretary on July 23, 2007, and conclusions of law to which no answer is required.

57.     Defendants admit the allegations contained in the first sentence of paragraph 57. Defendants deny the allegations contained in the second sentence of paragraph 57.  The remaining allegations contained in paragraph 57 consist of recitations and characterizations of the NCLB to which no answer is required.

58.     The allegations contained in paragraph 58 consist of recitations and conclusions of law to which no answer is required, except that defendants deny the allegations to the extent they allege that defendants have acted or have permitted the labeling of persons as highly qualified teachers in a manner not authorized by law.

59.     The allegations contained in paragraph 59 consist of characterizations of a statute and regulation and conclusions of law to which no answer is required.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     Deny.

62.     The allegations in paragraph 62 consist of plaintiffs' characterization of the cited

1   study and its author's estimate.  No response is necessary because the document speaks for

2   itself.  Defendants deny the remaining allegations in paragraph 62.

3       63.    Defendants lack knowledge or information sufficient to form a belief as to the

4   truth of the allegations contained in paragraph 63 and it is unclear what plaintiffs mean by the

5   term "particularly dramatic."  Moreover, the allegations in paragraph 63 are based on plaintiffs'

6   characterizations of the cited references.  No response is necessary because the references speak

7   for themselves.

8       64.    The allegations in paragraph 64 consist of plaintiffs' characterization of the

9   document cited and the conclusions contained in that document.  No response is necessary

10  because the document speaks for itself.

11      65.    The allegations in paragraph 65 consist of plaintiffs' characterization of the

12  document cited.  No response is necessary because the document speaks for itself.

13      66.    Defendants lack knowledge or information sufficient to form a belief as to the

14  truth of the allegations contained in paragraph 66.

15      67.    Defendants lack knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in paragraph 67.

17      68.    Defendants lack knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained in paragraph 68.

19      69.    Defendants lack knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in paragraph 69.

21      70.    Defendants lack knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained in paragraph 70.

23      71.    Defendants lack knowledge or information sufficient to form a belief as to the

24  truth of the allegations contained in paragraph 71.

25      72.    Defendants lack knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in the first sentence of paragraph 72.

27      73.    Defendants lack knowledge or information sufficient to form a belief as to the

28

1    truth of the allegations contained in paragraph 73.

2        74.    Defendants lack knowledge or information sufficient to form a belief as to the

3    truth of the allegations contained in the first sentence of paragraph 74.

4        75.    Defendants' responses to paragraphs 1 to 74 above are incorporated herein by

5    reference, the same as though pleaded in full.

6        76.    Defendants admit the allegations contained in the first sentence of paragraph 76.

7    Defendants deny the remaining allegations contained in paragraph 76.

8        77.    Deny.

9        78.    Defendants' responses to paragraphs 1 to 77 above are incorporated herein by

10   reference, the same as though pleaded in full.

11       79.    Defendants admit that they contend the regulation is not unlawful and that it was

12   not promulgated in excess of statutory authority.  Defendants lack knowledge or information

13   sufficient to form a belief as to the truth of the allegations about what plaintiffs are informed

14   and believe regarding defendants' contentions.  The remaining allegations in paragraph 79

15   consist of characterizations and conclusions of law to which no answer is required.

16       80.    Deny.

17       81.    Deny.

18       82.    Deny.

19       83.    Deny.

20       84.    Deny.

21       85.    Deny.

22       86.    Deny.

23       The balance of the Complaint constitutes plaintiffs' prayer for relief to which no

24   response is required.  To the extent an answer may be required, defendants deny that plaintiffs

25   are entitled to the relief requested or to any relief whatsoever.  Defendants deny all allegations

26   not otherwise admitted or denied in this Answer.

27       WHEREFORE, having fully answered, defendants request that this action be dismissed

28

9

1    with prejudice and for judgment affirming the decisions challenged in the Complaint.

2

3        Dated: December 14, 2007                    Respectfully submitted,

4                                                    JEFFREY S. BUCHOLTZ
                                                     Acting Assistant Attorney General

5
                                                     SCOTT N. SCHOOLS
6                                                    United States Attorney

7                                                    SHEILA M. LIEBER
                                                     Assistant Branch Director
8
                                                     _____/S/_____
9                                                    MICHAEL Q. HYDE
                                                     Trial Attorney
10                                                   Civil Division, Federal Programs Branch
                                                     United States Department of Justice
11                                                   20 Massachusetts Ave., N.W., Room 7132
                                                     P.O. Box 883
12                                                   Washington, D.C. 20044
                                                     Tel: (202) 514-2205
13                                                   Facsimile: (202) 616-8470
                                                     Email: michael.hyde@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on December 14, 2007, a true and correct copy of the foregoing

3    Defendants' Answer to the First Amended Complaint was served by the Court's ECF system

4    upon the following:

5
            John T. Affeldt
6            Jenny Pearlman
            Tara Kini
7            PUBLIC ADVOCATES, INC.
            131 Steuart Street, Suite 300
8            San Francisco, CA 94105

9            Patrick Thompson
            Nicole E. Perroton
10           Elizabeth F. Stone
            GOODWIN PROCTER LLP
11           Three Embarcadero Center, Third Floor
            San Francisco, CA 94111
12
            Jeffrey Simes
13           GOODWIN PROCTER LLP
            599 Lexington Avenue
14           New York, NY 10022

15           David B. Cook
            GOODWIN PROCTER LLP
16           901 New York Avenue, N.W.
            Washington, D.C. 20001
17
            Attorneys for Plaintiffs
18

19                                          _____/S/_____
                                            MICHAEL Q. HYDE
20

21

22

23

24

25

26

27

28

Defendants' Answer to the
First Amended Complaint
Case No. 3:07cv4299-PJH