JOHN T. AFFELDT (SBN 154430)
JENNY PEARLMAN (SBN 224879)
TARA KINI (SBN 239093)
PUBLIC ADVOCATES, INC.
131 Steuart Street, Suite 300
San Francisco, California 94105
Tel. (415) 431-7430
Fax (415) 431-1048
Email: jaffeldt@publicadvocates.org
       jpearlman@publicadvocates.org
       tkini@publicadvocates.org

JEFFREY SIMES (NY SRN 2813533), appearing *pro hac vice*
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 813-8879
Fax: (212) 355-3333
Email: jsimes@goodwinprocter.com

Attorneys for PLAINTIFFS
(Additional attorneys listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONYA RENEE *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARGARET SPELLINGS, in her official capacity;<br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>  Defendants. | Case No.  07-04299 PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING FICTITIOUS NAMES AND TO SUBMIT DECLARATIONS UNDER SEAL**<br><br>Time: 9:00<br>Date: January 30, 2008 |

PATRICK THOMPSON (SBN 160804)
NICOLE E. PERROTON (SBN 233121)
ELIZABETH F. STONE (SBN 239285)
GOODWIN PROCTER LLP
101 California Street # 1850
San Francisco, California 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: pthompson@goodwinprocter.com

DAVID B. COOK (DC BN 113522), appearing *pro hac vice*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel: (202) 346-4000
Fax: (202) 346-4444
Email: dcook@goodwinprocter.com

Attorneys for PLAINTIFFS

# Table of Contents

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS .....................................................................................................2

ARGUMENT..........................................................................................................................3

    I.    THE COURT HAS DISCRETION TO GRANT PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY. ................................................................................3

    II.    THE APPLICABLE BALANCING TEST FAVORS PROTECTING PLAINTIFFS' PRIVACY ..........................................................................................4

        A. The Threatened Harm to Plaintiffs Is Severe........................................................4

        B. Plaintiffs' Fear of Retaliation Is Reasonable.........................................................4

        C. Plaintiffs Are Particularly Vulnerable To Retaliation By Defendants, Who Are Part of the Federal Government ............................................................6

        D. Because This Case Presents a Pure Question of Law, Defendants Will Not Be Prejudiced If the Court Permits Plaintiffs to Proceed Anonymously.....7

        E. The Public Interest Weighs In Favor of Permitting Plaintiffs to Proceed Anonymously.........................................................................................................7

CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Alyssa C. v. Palo Alto Hous. Corp.*, 2007 U.S. Dist. LEXIS 24183 (N.D. Cal. 2007)......................4

*Brambila v. Bd. of Review*, 591 A.2d 605 (N.J. 1991)..................................................................6

*Dept. of Educ. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983)........................................................3

*Doe v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ............................................ *passim*

*Doe v. Bell*, 162 F.R.D. 418 (D.Mass 1995) ...................................................................................3

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)..................................................................................6

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993)......................................................................3, 6, 8

*L.H. v. Schwarzenegger,* 2007 U.S. Dist. LEXIS 18728 (N.D. Cal. 2007) ......................................7

*Larry P. v. Riles*, 495 F.Supp. 926 (N.D. Cal. 1979)
  *aff'd* 793 F.2d 969 (9th Cir. 1984) *amended* (9th Cir. 1986) ........................................................3

*Lozano v. City of Hazleton*, 496 F. Supp. 2d 477 (M.D. PA 2007) ......................................1, 5, 7, 8

*Plyer v. Doe*, 457 U.S. 202 (1982)........................................................................................3, 7, 9

*Roe v. Providence Health System-Oregon*, 2007 U.S. Dist. LEXIS 50656 (D. Or. 2007)................4

*U.S. v. Doe*, 655 F.2d 920 (9th Cir. 1980) ......................................................................................3

**Federal Statute**

5 U.S.C. §§ 701-706 ........................................................................................................................1

**Other Authorities**

F.R.C.P. 10(a) .................................................................................................................................3

# INTRODUCTION

Plaintiffs seek to enforce, through the Administrative Procedure Act (5 U.S.C. §§ 701-706), the requirements of the No Child Left Behind Act ("NCLB") relating to the provision and public reporting of "highly qualified" teachers in our nations public schools. Plaintiffs are two minor public school students and one parent who have a sensitive immigration status they wish to keep private because they fear retaliation, harassment, and social stigmatization by defendants, other federal authorities or third parties. Although generally litigants must provide the names of all the parties in a suit, numerous federal courts have recognized that trial courts have discretion to allow a party to proceed under a pseudonym in specific circumstances, such as those in the case at bar, where plaintiffs with a sensitive immigration status fear arrest, deportation, harassment, or other harms if their true identities are revealed. *See Doe v. Advanced Textile Corp*., 214 F.3d 1058, 1067-1073 (9th Cir. 2000)*, Lozano v. City of Hazleton,* 496 F. Supp. 2d 477, 504-515 (M.D. PA 2007). Because (1) the revelation of plaintiffs' true identifies may cause them significant harm, (2) defendants—as a branch of the federal government—wield unique power over plaintiffs and are unlikely to be prejudiced by permitting plaintiffs to proceed anonymously, and (3) the public interest weighs in favor of permitting plaintiffs to proceed as Does, this court should grant plaintiffs' motion to proceed using fictitious names and to file under seal those portions of their declarations revealing their actual names.

Accordingly, plaintiffs seek an order from this Court requiring that: (1) all pleadings and other documents in the public record of this case contain no reference to the actual names of Doe plaintiffs or their *guardians ad litem*; (2) Doe plaintiffs be allowed to proceed anonymously; (3) the clerk of the court seal those portions of the declarations of N. Doe and Jane Doe referring to the actual names of plaintiffs and their *guardians ad litem*; and (4) all parties, and their legal successors, agents, representatives, or attorneys, be prohibited from disseminating any information concerning the actual names of plaintiffs B. Doe, N. Doe, and Jane Doe, as well as plaintiff Jane Doe's *guardian ad litem*, John Doe.

# STATEMENT OF FACTS

Plaintiffs Jane Doe, B. Doe, and N. Doe ("the Doe plaintiffs") believe that every student deserves a qualified teacher. *See* ¶ 6, Declaration of Jane Doe [hereinafter Decl. of J. Doe]; ¶6, Decl. of N. Doe. These plaintiffs have agreed to become plaintiffs in this action because they wish that all children, including their children, have access to qualified teachers. *Id.* However, plaintiffs Jane Doe, B. Doe, and N. Doe wish their identities to remain private due to their sensitive immigration status. *See* ¶ 5, Decl. of N. Doe; ¶ 6, Declaration of J. Doe.

Plaintiffs Jane Doe, a minor, and N. Doe, the mother of B. Doe, have indicated a genuine fear that if their true names were used in litigation, they and/or members of their families will face reprisals from government entities and/or third parties. ¶¶ 7-11, Decl. of J. Doe; ¶¶ 5-11, Decl. of N. Doe.. Specifically, the Doe plaintiffs fear deportation by United States Immigration and Customs Enforcement ("ICE"), separation of their families, and economic harm. *Id.* This fear is a reasonable one given the intensity of ICE's current enforcement of immigration laws. ¶¶ 4-5, Declaration of Allison Davenport [hereinafter Davenport Decl.]; Request for Judicial Notice Exhs. 1, 2. In East Bay communities such as those in which the Doe plaintiffs reside, ICE has conducted immigration raids under an initiative known as "Operation Return to Sender." *Id.* Hundreds of undocumented individuals have been arrested as a result of these raids. *Id; see also* Request for Judicial Notice Exhs. 1, 2.

Defendants in this action are the Secretary of Education and the United States Department of Education, entities that are part of the federal government which has ultimate responsibility for enforcing immigration laws. Plaintiffs fear that if they are publicly identified as criticizing the actions of the federal government, the federal government or third parties may retaliate against them. *See* ¶¶ 6-9, Decl. of J. Doe; ¶¶ 5-11, Decl. of N. Doe.

## **ARGUMENT**

### I. THE COURT HAS DISCRETION TO GRANT PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY.

Federal Rule of Civil Procedure 10(a) states, in relevant part, "in the complaint the title of the action shall include the names of all parties." "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted); *U.S. v. Doe*, 655 F.2d 920, 922 (9th Cir. 1980). *See also James v. Jacobson*, 6 F.3d 233, 239, 242 (4th Cir. 1993). Both the United States Supreme Court and the Ninth Circuit Court of Appeals have implicitly approved the use of fictitious names by plaintiffs asserting their rights to education. *See, e.g, Plyer v. Doe,* 457 U.S. 202 (1982) (undocumented children seeking right to a free public education); *Dept. of Educ. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983) (educationally handicapped student enforcing her right to a free appropriate public education); *Larry P. v. Riles,* 495 F.Supp. 926 (N.D. Cal. 1979) *aff'd* 793 F.2d 969 (9th Cir. 1984) *amended* (9th Cir. 1986) (African American students enforcing their rights to be free from discriminatory tests used for placement into special education).

The decision to permit parties to proceed anonymously is left to the discretion of the trial court. *Doe v. Bell*, 162 F.R.D. 418, 419 (D.Mass 1995). The Ninth Circuit has articulated a balancing test which weighs the "need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Doe v. Advanced Textile Corp.*, 214 F.3d at 1068. Courts have permitted plaintiffs to proceed under fictitious names in two situations relevant here: (1) "when identification creates a risk of retaliatory physical or mental harm" and (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id*.

In actions, such as the case at bar, where fictitious names are used to protect a party from retaliation, *Doe v. Advanced Textile Corporation* established a five-factor balancing test to weigh the parties' respective interests. *Id*. at 1070-73. Under this test "the district court must analyze the (1)

3

severity of the threatened injury, (2) reasonableness of plaintiffs' fears, (3) plaintiffs' vulnerability to retaliation, (4) prejudice to defendants, and (5) public's interest in knowing the parties' names." *Roe v. Providence Health System-Oregon*, 2007 U.S. Dist. LEXIS 50656 (D. Or. 2007) (citing *Doe v. Advanced Textile Corp.,* 214 F.3d 1058); *accord Alyssa C. v. Palo Alto Hous. Corp*., 2007 U.S. Dist. LEXIS 24183, 1-5 (N.D. Cal. 2007).

## II.  THE APPLICABLE BALANCING TEST FAVORS PROTECTING PLAINTIFFS' PRIVACY

Applying the *Doe v. Advanced Textile Corporation* five-factor balancing test (214 F.3d at 1070-73), this Court should find in favor of the Doe plaintiffs and grant leave to proceed anonymously.

### A. The Threatened Harm to Plaintiffs Is Severe.

Here, under the first factor of the balancing test, the weight falls in favor of the plaintiffs because the severity of the threatened injury is significant. In *Advanced Textile Corporation*, the court found that the threatened harm was severe because the plaintiffs were susceptible to deportation and economic harm if they lost their jobs in retaliation for the lawsuit. *Doe v. Advanced Textile Corp.,* 214 F.3d. at 1071. In the present case, plaintiffs and their families face similar harm in that they could be detained and deported because of their sensitive immigration status, or their families may be split apart. *See* ¶ 9, Decl. of J. Doe; ¶¶5, 7-10, Decl. of N. Doe. In addition, Jane Doe's *guardian ad litem* may lose his job if his immigration status is revealed, jeopardizing the economic security of Jane Doe's family. ¶¶ 8-9, Decl. of J. Doe. Like the plaintiffs in *Advanced Textile Corporation,* the Doe plaintiffs and their families here face the threats of deportation and economic harm. These threats to the Doe plaintiffs are far greater than the threats faced by a typical student or parent asserting his/her educational rights.

### B. Plaintiffs' Fear of Retaliation Is Reasonable.

Applying the second factor, the Doe plaintiffs' fear is reasonable, particularly in the current political climate. Fear of retaliation is reasonable if a reasonable person would believe the threat could be carried out. *Id.* at 1071. U.S. Immigration and Customs Enforcement ("ICE") has recently

intensified its efforts to apprehend and deport undocumented persons. A recent ICE news release notes that ICE arrested almost twice as many criminal aliens and immigration fugitives in fiscal 2007 than it did in 2006, and has increased the number of "ICE Fugitive Operations Teams" deployed across the country from 52 to 75. ICE, "ICE Fugitive Operations Teams Arrest More Than 30,000 in FY 2007" (Dec. 4, 2007) (*See* Request for Judicial Notice, Exhibit 1). According to ICE, these Teams' work is part of a "comprehensive multi-year plan" which

> . . . seeks to gain operational control of both the northern and southern borders, while re-engineering the detention and removal system to ensure that illegal aliens are removed from the country quickly and efficiently. The plan also involves strong interior enforcement efforts, including enhanced worksite enforcement and intensified efforts to track down and remove illegal aliens inside the United States. ICE, "Largest-ever ICE operation targeting criminal aliens and illegal alien fugitives nets more than 1,300 arrests in Los Angeles area," (Oct. 3, 2007) (*See* Request for Judicial Notice, Exhibit 2).

ICE's targeting of immigrants in the Bay Area, where the Doe plaintiffs and their families reside, has been reported in the local news media and by attorneys representing immigrants. *See* ¶¶ 4-5 Davenport Decl. Immigrants are well aware of ICE raids which result in criminal charges and deportation of undocumented persons. In her immediate circle of knowledge, the husband of one of N. Doe's co-workers was deported after ICE raided his workplace. *See* ¶ 8, Decl. of N. Doe. N. Doe's brother and the husband of another friend were also arrested and deported by ICE. *Id.* at ¶¶ 7, 9. Jane Doe noted that her neighbor's friend's parents were deported because of their immigration status and that the ICE police were in her area raiding workplaces. *See* ¶¶ 7-9 Decl. of J. Doe.

In *Advanced Textile Corporation*, the court, in concluding that plaintiffs' fears were reasonable, weighed in its analysis the fact that the plaintiffs' employers (the defendants) had the power to terminate their workers and cause them to be deported, and the government of China had the ability to arrest and imprison its citizens. 214 F.3d. at 1071. In *Lozano v. City of Hazleton*, the court concluded that the fact that a defendant may disclose the names of undocumented plaintiffs to federal immigration authorities was a compelling reason for allowing the plaintiffs to proceed anonymously. 496 F. Supp. 2d at 507. Here, the defendants are an agency of the United States and the Secretary of Education. Both defendants could easily provide—indeed, may feel compelled to provide—the Doe

5

plaintiffs' names to another federal agency, namely, the Department of Homeland Security/ICE, for detention, arrest, and deportation.[1] Morevoer, even if defendants did not refer the Doe plaintiffs to ICE, the national press this case has generated and will continue to generate (Kini Decl. at ¶¶ 4-5) is likely to expose the Doe plaintiffs to ICE's purview were their actual names used, even if defendants made no overt referral.

### C. Plaintiffs Are Particularly Vulnerable To Retaliation By Defendants, Who Are Part of the Federal Government.

As set forth in part above, the third factor weighs in favor of the Doe plaintiffs as they and their families are particularly vulnerable to retaliation because they have a sensitive immigration status and the action is against the federal government, which enforces federal immigration laws. In *Advanced Textile Corporation*, the Ninth Circuit explained that when one party is under the control of the other party, the former is vulnerable to retaliation. 214 F.3d at 1071-72. Other circuit courts approving of the use of fictitious names have recognized that when a suit is against a government entity, as in the case at bar, plaintiffs are in a particularly vulnerable position. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The U.S. House Judiciary Committee has recognized that undocumented workers are highly vulnerable and thus are subjected to abuses. The Committee noted that because of undocumented status, workers "live in fear, afraid to seek help when their rights are violated, when they are victimized by criminals, employers or landlords or when they become ill." *Brambila v. Bd. of Review*, 591 A.2d 605, 609 (N.J. 1991) (citing H.R. Rep. No. 99-682(I), 99th Cong., 2d Sess. 49, reprinted in 1986 U.S. Code Cong. & Admin. News 5649, 5653).

Compounding their vulnerability, plaintiffs B. Doe and Jane Doe are also minors. Other circuits have recognized that a minor's vulnerable status weighs in favor of protection. *See, e.g, James v. Jacobson*, 6 F.3d at 238; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (discussing the youth of plaintiffs, particularly in civil rights suits, as "a significant factor in the matrix of considerations"). B.

---

[1] The fact that defendants refused to stipulate to the Doe plaintiffs' use of fictitious names only further fuels the possibility that the Does are at risk of referral to ICE and further supports the reasonableness of their apprehension.

6

Doe's and Jane Doe's particular vulnerability as minors with a sensitive immigration status who are pursuing an action against a government entity, only further weighs in favor of determining that plaintiffs are vulnerable to retaliation and deserving of proceeding under fictitious names.

### D. Because This Case Presents a Pure Question of Law, Defendants Will Not Be Prejudiced If the Court Permits Plaintiffs to Proceed Anonymously.

The fourth factor also tips in the favor of plaintiffs. Defendants would not be prejudiced by plaintiffs' proceeding under fictitious names. Defendants do not need to know the actual names and addresses of the Doe plaintiffs in order to mount their defense in this case. This is not a case that will turn on the individual circumstances of the plaintiffs. As the parties agreed in their initial case management statement, this is a challenge to a United States Department of Education regulation that turns on a legal question: did Congress give defendants the authority to issue the regulation at issue or does the regulation exceed the scope of the NCLB statute? Thus, the specific facts of the plaintiffs, beyond the fact that they, like hundreds of thousands of other California students have had, currently have, or are at substantial risk of having intern teachers, are not particularly relevant. Moreover, in their initial disclosures, plaintiffs provided defendants with the names of the intern teachers of all of the individual plaintiffs—including those of the three Doe plaintiffs. Defendants do not require any further plaintiff-specific information in order to mount their defense in this action. They certainly do not need the individual Doe plaintiffs' names.

### E. The Public Interest Weighs In Favor of Permitting Plaintiffs to Proceed Anonymously.

Finally, the fifth factor is the public's interest in knowing the parties' names. Although the public has an interest in disclosure of the names of parties to judicial proceedings, there is also a public interest in seeing the suit move forward. *See Doe v. Advanced Textile Corp.,* 214 F.3d. at 1073. "[W]hen the willingness to file suit is chilled by fear of retaliatory action, the public interest in seeing the suit move forward on its merits outweighs the public interest in knowing the plaintiffs' names." *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 18728, *51 (N.D. Cal. 2007). In *Advanced Textile*, the court concluded that the fifth factor tipped in favor of the plaintiffs because "employee suits to

7

enforce their statutory rights benefit the general public." 214 F.3d. at 1073. Similarly, suits by public school students and their parents to enforce their educational rights—such as the case at bar—also benefit the general public. *See, e.g*, *Plyer v. Doe*, 457 U.S. 202. Indeed, in *Plyler*, a case brought by undocumented public school students to enforce their right to a free public education, the issue of anonymity of the plaintiffs was neither contested nor litigated. As the court in *Lozano v. City of Hazleton* noted, "no federal court which examined the *Plyler* case found the use of anonymous plaintiffs troubling enough to address the issue, but instead concluded that the plaintiffs had legitimate reasons for refusing to reveal their true names in that high-profile case." 496 F. Supp. 2d 477, 508.

Whether the purely legal nature of the issues in the case make for an atypically weak public interest in knowing the actual identity of the litigants is an additional factor which at least one court has considered in permitting plaintiffs to proceed anonymously. *Lozano*, 496 F. Supp. 2d at 512. In allowing plaintiffs to proceed anonymously in *Lozano*, the court noted that "[t]he decision in this case does not turn on judgments about the credibility of particular witnesses, but instead on an assessment of the parties' legal arguments." *Id.* The *Lozano* court noted that defendants' need to determine the anonymous plaintiffs' standing could be answered without discovery of their identities. *Id.* As set forth above in the discussion of the fourth factor, this case—like *Lozano*—presents a pure legal issue that can be determined without reference to the actual identity of the three Doe plaintiffs. Thus, there is no significant public interest in delving into the particular facts of any given plaintiff, and much less so in exposing the Doe plaintiffs or their immigration status publicly. In short, plaintiffs' interest in protecting their privacy and the public's interest in the advancement of this action outweigh the public's interest in disclosure of the Doe plaintiffs' identities, especially where this action presents a purely legal question for which facts regarding the identities of the Doe plaintiffs are irrelevant.[2]

---

[2] In addition, here the suit has the risk of exposing innocent non-parties—the Doe plaintiffs' families—to retaliation. *See James v. Jacobson*, 6 F.3d at 238. This factor also weighs in favor of identity protection.

8

## CONCLUSION

If, as the Supreme Court in *Plyer v. Doe* determined, undocumented students residing in the United States have a constitutional, equal protection right to a public education, it stands to reason that such students ought to have the same access as other citizens to the federal courts to assert grievances when the quality of that education is threatened. To ensure that the Doe plaintiffs can continue in this case as plaintiffs and can continue to assert their rights to "highly qualified" teachers, it is necessary for them to proceed with fictitious names. In balancing the importance of plaintiffs' educational interests and the real possibility they face of retaliation, harassment, and economic harm against the interest in public disclosure of the identities of the Doe plaintiffs, the scale tips in favor of the Doe plaintiffs. Therefore, plaintiffs request that this Court exercise its discretion in favor of allowing plaintiffs to proceed anonymously and to file a portion of their declarations under seal.

Dated: December 21, 2007        Respectfully submitted,

*Tara Kini*
_____
JOHN T. AFFELDT
JENNY PEARLMAN
TARA KINI
PUBLIC ADVOCATES, INC.
Attorneys for Plaintiffs