1    JEFFREY S. BUCHOLTZ
     Acting Assistant Attorney General
2    JOSEPH P. RUSSONIELLO
     United States Attorney
3    SHEILA M. LIEBER
     Assistant Branch Director
4    MICHAEL Q. HYDE
     Trial Attorney
5    Civil Division, Federal Programs Branch
     United States Department of Justice
6    20 Massachusetts Ave., N.W., Room 7132
     P.O. Box 883
7    Washington, D.C. 20044
     Tel: (202) 514-2205
8    Facsimile: (202) 616-8470
     Email: michael.hyde@usdoj.gov
9

10              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11   _____
                                           )
12   SONYA RENEE, et al.,                  )    Civil Action No. 3:07cv4299-PJH
                                           )
13                      Plaintiffs,        )    **DEFENDANTS' OPPOSITION TO**
                                           )    **PLAINTIFFS' MOTION FOR LEAVE**
14           v.                            )    **TO PROCEED USING FICTITIOUS**
                                           )    **NAMES**
15   MARGARET SPELLINGS, et al.,           )
                                           )    Hearing Date:    January 30, 2008
16                      Defendants.        )    Time:            9:00 a.m.
     _____)
17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

I.    THIS IS NOT A CASE IN WHICH IMMIGRATION STATUS

6          WOULD OVERCOME THE GENERAL PRESUMPTION AGAINST
        ANONYMOUS PLEADING.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7

II.   PLAINTIFFS' PROPOSED ORDER IS TOO BROAD AND

8          WOULD IMPROPERLY PROHIBIT GOVERNMENT OFFICERS
        FROM DISCLOSING INFORMATION, EVEN INFORMATION

9          OBTAINED OUTSIDE THE SCOPE OF THIS LITIGATION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Day v. Sebelius,
227 F.R.D. 668 (D. Kan. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Doe v. Del Rio,
241 F.R.D. 154 (S.D.N.Y, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Doe v. Merten,
219 F.R.D. 387 (E.D. Va. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Doe v. Plyler,
458 F. Supp. 569 (E.D. Tex. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Doe v. Rostker,
89 F.R.D. 158 (N.D. Cal. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Doe v. Stegall,
653 F.2d 180 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Does I Thru XXIII v. Advanced Textile Corp.,
214 F.3d 1058 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Doe I-V v. Texaco, Inc.,
No. C06-02820, 2006 WL 2850035 (N.D. Cal.  Oct. 5, 2006). . . . . . . . . . . . . . . . . . . . . . 5

James v. Jacobsen,
6 F.3d 233 (4th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

L.H. v. Schwarzenneger,
Case No. S-06-2042, 2007 WL 662463 (E.D. Cal. Feb. 28, 2007). . . . . . . . . . . . . . . . . . . 7

Lozano v. City of Hazelton,
496 F. Supp.2d 477 (N.D. Pa. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Plyler v. Doe,
457 U.S. 202 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

Qualls v. Rumsfeld,
228 F.R.D. 8 (D.D.C. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Sullivan,
274 U.S. 259 (1927). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES AND OTHER AUTHORITIES**

8 U.S.C. § 1325. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1373. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

20 U.S.C. § 7801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

34 C.F.R. § 200.56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

ii

Federal Rule of Civil Procedure 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

H.R. Conf. Rep. No. 104-725, 1996 U.S.C.C.A.N. 2649 (1996). . . . . . . . . . . . . . . . . . . . . . . 4

No Child Left Behind Act, P.L. 107-110, 115 Stat 1425.. . . . . . . . . . . . . . . . . . . . . . . . . passim

iii

**INTRODUCTION**

Plaintiffs seek leave to allow three individual plaintiffs to proceed in this litigation as "John Doe" plaintiffs, citing their "sensitive immigration status" and a generalized fear of deportation and economic harm. See, e.g., Pls.' Mem. at 1. Pursuant to the balancing test adopted by the Ninth Circuit in Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000), plaintiffs argue that, if the Doe plaintiffs' identities are disclosed in the context of this litigation, they will be exposed to the possibility of government enforcement of immigration laws, the possibility of separation from family, and the possibility of economic harm through the loss of jobs. Given this alleged likelihood of harm and the alleged lack of prejudice to defendants, plaintiffs argue that the public interest weighs in favor of nondisclosure of the Doe plaintiffs' true identities. Pls.' Mem. at 4-8.

This is not a case in which allowing the Doe plaintiffs to proceed anonymously is justified by immigration status. Plaintiffs show no reason why the Court's jurisdiction or resolution of the merits require the presence of undocumented immigrants suing anonymously. Plaintiffs' Amended Complaint challenges 34 C.F.R. § 200.56(a)(2)(ii), a regulation promulgated by the Department of Education based upon a provision in the No Child Left Behind Act, P.L. 107-110, 115 Stat 1425 ("NCLB"), codified at 20 U.S.C. § 7801(23). These provisions deal with the qualifications to be considered a "highly qualified teacher" under the NCLB and have nothing to do with immigration laws or the treatment of immigrants, legal or otherwise. Indeed, absent the plaintiffs' decision to inject their immigration status into this case, it is unlikely that the Court would ever have been presented with any issue involving their immigration status.

Moreover, eleven other plaintiffs have joined this case and identified themselves. As plaintiffs acknowledge, the merits of plaintiffs' legal challenge are unlikely to turn on the specific circumstances of any individual plaintiff. Accordingly, the presence of these eleven other named plaintiffs weighs heavily against allowing the Doe plaintiffs to proceed anonymously. Further, the Court should weigh heavily federal law that prohibits any governmental entity, including the Federal Judiciary, from restricting communication of a

1

1    person's undocumented immigration status to immigration authorities.  See 8 U.S.C. § 1373(a).

2    In short, because this case does not require the presence of anonymous plaintiffs or call into

3    question any constitutional or statutory rights unique to undocumented immigrants, there is no

4    reason to overcome the general presumption against anonymous plaintiffs or to ignore the

5    mandates of 8 U.S.C. § 1373(a).

6        Finally, plaintiffs' proposed order is overbroad and requests relief to which the Doe

7    plaintiffs are not entitled.  Plaintiffs' proposed order would improperly prohibit federal officers

8    from disclosing information regarding the Doe plaintiffs' immigration status, even if it were

9    obtained outside the scope of this litigation.

10                                              **ARGUMENT**

11        "Plaintiffs' use of fictitious names runs afoul of the public's common law right of

12    access to judicial proceedings and [Federal Rule of Civil Procedure] 10(a)'s command that the

13    title of every complaint 'include the names of all the parties.'"  Advanced Textile, 214 F.3d at

14    1067 (internal citations omitted).  Recognizing this general presumption, the Ninth Circuit has

15    allowed, in the "unusual case," nondisclosure of a party's identity "'to protect a person from

16    harassment, injury, ridicule or personal embarrassment.'"  Id. at 1067-68 (quoting United States

17    v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  When faced with a motion to proceed under

18    pseudonym, a court must balance the "need for anonymity against the general presumption that

19    parties' identities are public information and the risk of unfairness to the opposing party."  See

20    id. at 1068.  The Ninth Circuit has recognized three general situations where plaintiffs have

21    succeeded in meeting this balancing test:  (1) "when identification creates a risk of retaliatory

22    physical or mental harm, (2) when anonymity is necessary 'to preserve privacy in a matter of

23    sensitive and highly personal nature,' and (3) when the anonymous party is 'compelled to admit

24    [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'"  Id.

25    (internal citations omitted).

26        For purposes of responding to the pending motion, defendants do not dispute that the

27    plaintiffs have alleged a risk of deportation and economic harm.  Unlike the anonymous parties

28    in the cases plaintiffs cite here, however, the Doe plaintiffs justify the reasonableness of their

2

fears based on solely on immigration status, which is not relevant to the resolution of this case.

Plaintiffs' immigration status has nothing to do with their challenge to the Department of

Education's "highly qualified teacher" regulation, and their request that the Court assist the Doe

plaintiffs in any evasion and violation of federal law, in the circumstances of this case, should

be denied.[1]  See 8 U.S.C. § 1325 (providing criminal penalties for illegal entry into the United

States).

## I.    THIS IS NOT A CASE IN WHICH IMMIGRATION STATUS WOULD OVERCOME THE GENERAL PRESUMPTION AGAINST ANONYMOUS PLEADING.

Plaintiffs' Motion should be denied because to grant them the relief they seek would be

unnecessary, contrary to public policy, and arguably a violation of federal law.  Thus, plaintiffs'

alleged need for anonymity does not outweigh the defendants' interests as federal officers nor

the public's interest in open judicial proceedings.[2]

First, plaintiffs' request implies a purpose to avoid the application of federal

immigration law and restrict government officers' ability to comply with such law.  Weighing

against the Doe plaintiffs' alleged interest is the strong public interest in fully enforcing the

immigration laws of the United States.  The Doe plaintiffs do not challenge the constitutionality

of any immigration laws or any laws targeted at undocumented immigrants.  Instead, the Doe

plaintiffs seek to avoid the requirements of Federal Rule of Civil Procedure 10(a), based upon a

general fear of deportation or of losing jobs.

Further, the order plaintiffs request is tantamount to an order placing a restriction on

---

[1]    Of course, the government does not dispute that, as a general proposition, illegal aliens have standing to sue in federal court.  See, e.g., Plyler v. Doe, 457 U.S. 202, 211 (1982).

[2]    Defendants also note that plaintiff Jane Doe may not have provided sufficient details as to why she needs to proceed anonymously.  Under Advanced Textile, Jane Doe must demonstrate that the consequences she fears should her identity be revealed are reasonable. Advanced Textile, 214 F.3d at 1068.  Plaintiffs' brief states that the Doe plaintiffs have "sensitive immigration status," see, e.g., Pls.' Motion at 1; Pls.' Mem. at 1, without further definition.  Plaintiff Jane Doe states in her declaration that she is not a U.S. Citizen, Decl. of Jane Doe at ¶ 5, and refers to "people like me who are not considered citizens."  Id. at ¶ 10. However, plaintiffs do not state whether plaintiff Jane Doe is in the United States legally nor give any reason why the mere fact that she is not a citizen subjects her to a reasonable fear that she will be deported.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

federal officials' ability to share plaintiffs' identities with immigration authorities and to comply and enforce federal law, the validity of which is not challenged here. Federal immigration law explicitly prohibits "a Federal, State, or local government entity or official" from "prohibit[ing], or in any way restrict[ing], any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual." 8 U.S.C. § 1373(a). The language of the statute was intended to extend to the actions and orders of the Federal Judiciary. H.R. CONF. REP. NO. 104-725 at 383, 1996 U.S.C.C.A.N. 2649 (1996) ("This provision is designed to prevent any . . . decision of any Federal or State court that prohibits or in any way restricts any communication between State and local officials and the INS. The conferees believe that immigration law enforcement is as high a priority as other aspects of Federal law enforcement, and that illegal aliens do not have the right to remain in the United States undetected and unapprehended.").

This requirement was examined in <u>Doe v. Merten</u>, 219 F.R.D. 387 (E.D. Va. 2004), in which plaintiffs challenged the alleged policies of Virginia colleges to deny admission to illegal immigrants and sought to proceed under pseudonyms on the ground that, "if they are required to reveal their identities, the federal government will seek to deport them or their families." <u>Id.</u> at 390. The Court ultimately denied the motion, holding that "unlawful or problematic immigration status is simply not the type of 'personal information of the utmost intimacy' that warrants abandoning the presumption of openness in judicial proceedings." <u>Id.</u> at 392; <u>see also</u> <u>Day v. Sebelius</u>, 227 F.R.D. 668, 679 (D. Kan. 2005) (holding that undocumented alien status is "fundamentally distinguishable from the type of 'highly personal' information that has led other courts to grant leave to proceed anonymously"). The Court also recognized that it could not limit disclosure of the plaintiffs' identities to the immediate parties involved in the dispute given the express prohibition on orders restricting disclosure of an alien's immigration status to the Immigration and Naturalization Service, ICE's predecessor. <u>Merten</u>, 219 F.R.D. at 394-95; <u>see also</u> <u>Doe v. Plyler</u>, 458 F. Supp. 569, 572 (E.D. Tex. 1978) ("Fearing disclosure of their identities, plaintiffs had filed their complaint under pseudonyms, and at the hearing moved for a

4

1    protective order limiting the circumstances under which . . . plaintiffs' true names might be

2    revealed.  The motion was granted and the order issued; however, the court advised the

3    Department of Justice representatives that the order did not bind any officer of the United States

4    who might desire to take action against plaintiffs and their parents for violations of the federal

5    immigration laws.").

6        If anything, this lawsuit presents an even less justifiable case for anonymity than the one

7    faced by the Court in <u>Merten</u>.  Unlike the merits of the underlying case in <u>Merten</u>, in which the

8    plaintiffs were challenging an alleged policy applying specifically to undocumented

9    immigrants, the merits of the present case are unrelated to the Doe plaintiffs' immigration

10   status.  The proper interpretation of the highly-qualified teacher provision in the No Child Left

11   Behind Act and 34 C.F.R. § 200.56(a)(2)(ii) does not depend on whether the plaintiffs

12   challenging the policy are legally within the United States.  Parties seeking to overturn a federal

13   law are often allowed to proceed anonymously if they must, incident to the claims alleged in the

14   lawsuit, admit an intent to engage in illegal conduct, but such cases have been limited to those

15   situations where plaintiffs challenge "the very laws or regulations they have violated or wish to

16   violate."  <u>Merten</u>, 219 F.R.D. at 392-93; <u>see also</u> <u>Day</u>, 227 F.R.D. at 679 ("[T]he anonymous

17   intervenors are not challenging a criminal statute, such that the outcome of this case would

18   change whether they were violating federal laws.  Nor are the proposed intervenors challenging

19   the constitutionality of the laws which make their immigration status illegal. . . .").

20       The Court must also balance the plaintiffs' request against "the public's interest in the

21   case."  <u>Advanced Textile</u>, 214 F.3d at 1068.  The Ninth Circuit recognized the "public's

22   common law right of access to judicial proceedings."  <u>Id.</u> at 1067.  Other courts have

23   recognized that the public's interest in open judicial proceedings should not be minimized.

24   Rule 10's requirement that plaintiffs identify themselves "is not simply administrative, it . . .

25   protects the public's legitimate interest in knowing all the facts and events surrounding court

26   proceedings.'"  <u>Doe I-V v. Texaco, Inc.</u>, No. C06-02820, 2006 WL 2850035 at * 6 (N.D. Cal.

27   Oct. 5, 2006) (quoting <u>Doe v. Rostker</u>, 89 F.R.D. 158, 160 (N.D. Cal. 1981)).  "When anyone –

28   local or foreign – invokes the potential power and authority of a United States District Court,

5

1   the public has a legitimate right to know on whose behalf their institutions are being used,

2   unless good cause to do otherwise is shown." Id.; see also, e.g., Doe v. Del Rio, 241 F.R.D.

3   154, 156-57 (S.D.N.Y, 2006) (presumption against anonymous pleading based on "'need for

4   federal courts to have a measure of accountability and for the public to have confidence in the

5   administration of justice . . . . [P]ublic monitoring is an essential feature of democratic control.'

6   . . . Requiring a plaintiff to place his or her name on the complaint serves the constitutional goal

7   of enabling public monitoring of the courts." (citation omitted and alteration of quotation in

8   original)); Qualls v. Rumsfeld, 228 F.R.D. 8, 13 (D.D.C. 2005) ("[H]aving judicial proceedings

9   open to the public so that the public may fully assess the merits of the lawsuit and the quality of

10  the courts is in the public interest . . . . [W]hen courts require litigants to use real names, they

11  encourage suits by the most zealous, passionate, and sincere litigants, those who are willing to

12  place their personal and public stamp of approval upon their own causes of action.").

13          Plaintiffs argue that the legal nature of this case counters the public's interest in open

14  judicial proceedings. See Pls.' Mem. at 7, 8. Although the merits of this case may present only

15  a question of law, other plaintiffs have joined this case and are not requesting anonymity. This

16  case does not present sufficient concern that a chilling effect on a plaintiff's willingness to

17  challenge the validity of 34 C.F.R. § 200.56(a)(2)(ii) favors the presence of plaintiffs seeking

18  anonymity to protect their immigration status. See Pls.' Mem. at 7 (arguing that anonymity is

19  warranted where Doe plaintiffs' willingness to bring suit may be chilled). Eleven other

20  individual plaintiffs have joined this suit and identified themselves. Each of these plaintiffs

21  brings the same claims as the Doe plaintiffs, and, as plaintiffs acknowledge, the Doe plaintiffs'

22  individual circumstances have limited relevance to the resolution of whether 34 C.F.R. §

23  200.56(a)(2)(ii) is consistent with the NCLB. See Pls.' Mem. at 7, 8. This is simply not a case

24  in which the Doe plaintiffs must be allowed to proceed anonymously for the Courts to address

25  the legal issues presented. Cf. Del Rio, 241 F.R.D. at 158 n.8 (stating that even in case in

26  which legal issues presented may minimize need to know plaintiffs' identity, "the public's

27  interest is reduced, not eliminated").

28

6

1
2
3
4
5
6
7
8
9
10
11
12

    Similarly, plaintiffs cite to B. Doe's and Jane Doe's status as minors to support their argument that they have a privacy interest sufficient to overcome the presumption against anonymous pleading. <u>See, e.g.</u>, Pls.' Mem. at 6. The Court should not find this sufficient to justify these plaintiffs' anonymity. Defendants do not dispute that the cases plaintiffs cite here support the proposition that a plaintiffs' age may be a factor in determining whether that plaintiff should proceed anonymously. <u>See</u> <u>James v. Jacobsen</u>, 6 F.3d 233, 238 (4th Cir. 1993), <u>cited in</u> Pls.' Mem. at 6; <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir. 1981), <u>cited in</u> Pls.' Mem. at 6; <u>see also, e.g.</u>, <u>L.H. v. Schwarzenneger</u>, Case No. S-06-2042, 2007 WL 662463 at *17 (E.D. Cal. Feb. 28, 2007) (recognizing plaintiffs' status as wards of juvenile justice system is factor in determining vulnerability to threats and retaliation). However, again, the involvement of other plaintiffs in this case who are also minors and are not requesting anonymity belies this argument.

13
14
15
16
17
18
19
20
21
22
23

    Moreover, acceptance of plaintiffs' argument would allow any undocumented immigrant to sue anonymously over any issue, whether the case involved immigration status or not, and would thus eviscerate the presumption against anonymous pleadings in cases brought by undocumented immigrants. The mere fact that the Doe plaintiffs have "sensitive immigration status" does not give them carte blanche to proceed anonymously in federal litigation regardless of the nature of the claims alleged in the Complaint. <u>Cf.</u> <u>United States v. Sullivan</u>, 274 U.S. 259, 263-64 (1927) ("It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. . . . He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law.").

24
25
26
27

    The cases cited by plaintiffs do not support their sweeping and broad interpretation of the law on anonymous pleading. The plaintiffs in <u>Advanced Textile</u> were Chinese nationals working in the Northern Mariana Islands legally. <u>See</u> 214 F.3d at 1063. Further, defendants do not dispute that undocumented immigrants have been permitted to proceed anonymously in

28

7

1   federal litigation. However, in the cases cited by plaintiffs, the claims of the anonymous parties

2   were directly tied to their status as undocumented immigrants. In <u>Plyler</u>, 457 US. 202, the

3   Supreme Court addressed whether undocumented immigrants had a right to a public education.

4   In <u>Lozano v. City of Hazelton</u>, 496 F. Supp.2d 477 (N.D. Pa. 2007), undocumented immigrants

5   challenged a city's ordinance restricting the housing and employment opportunities for

6   undocumented immigrants. In each of these cases, the merits of the claim were intertwined

7   with the anonymous plaintiffs' status as undocumented immigrants. That is not the case here,

8   where the regulation challenged has no unique application to anyone based on immigration

9   status.

10  **II.    PLAINTIFFS' PROPOSED ORDER IS TOO BROAD AND WOULD IMPROPERLY PROHIBIT
            GOVERNMENT OFFICERS FROM DISCLOSING INFORMATION, EVEN INFORMATION
11          OBTAINED OUTSIDE THE SCOPE OF THIS LITIGATION.**

12          Finally, should the Court grant plaintiffs' request, it should not enter the broad and

13  sweeping order requested by plaintiffs. Plaintiffs' proposed order contains the following

14  provision:

15          All parties, and their legal successors, agents, representatives, or attorneys, are
            prohibited from disseminating any information to third parties (including, but
16          not limited to, employees of other Departments or Agencies of the United States)
            concerning the actual names of plaintiff Jane Doe, her *guardian ad litem*, John
17          Doe, plaintiff N. Doe, and plaintiff B. Doe.

18  Pls.' Proposed Order at 1 ¶ 5. This requested order goes beyond allowing the plaintiffs to

19  withhold their names, but would prevent federal officers from disclosing their identities.

20  Further, the provision would apply equally to any information regarding the Doe plaintiffs'

21  immigration status learned outside the scope of this litigation.

22          The provisions of 8 U.S.C. § 1373(a), recited above, prohibit the Court from ordering

23  federal government officials not to report information they obtain regarding a person's status as

24  an undocumented immigrant to the proper law enforcement authorities. Plaintiffs do not

25  challenge the validity of this statute. Further, under plaintiffs' proposed order, the federal

26  officers involved in this litigation would be prohibited from disclosing that status to federal

27  immigration and other law enforcement officers even if they learn that information through

28

8

1   means independent of this litigation.  Such broad protection is also inconsistent with 8 U.S.C. §

2   1373(a).  Accordingly, the Court should refuse plaintiffs' request for the overly broad

3   protection they propose.

4                                       **CONCLUSION**

5           For these reasons, defendants request that the Court deny the plaintiffs' Motion for

6   Leave to Proceed Using Fictitious Names.

7   Dated: January 9, 2008                    Respectfully submitted,

8                                             JEFFREY S. BUCHOLTZ
                                              Acting Assistant Attorney General

9                                             JOSEPH P. RUSSONIELLO
10                                            United States Attorney

11                                            SHEILA M. LIEBER
                                              Assistant Branch Director

12                                            _____/S/_____
13                                            MICHAEL Q. HYDE
                                              Trial Attorney
14                                            Civil Division, Federal Programs Branch
                                              United States Department of Justice
15                                            20 Massachusetts Ave., N.W., Room 7132
                                              P.O. Box 883
16                                            Washington, D.C. 20044
                                              Tel: (202) 514-2205
17                                            Facsimile: (202) 616-8470
                                              Email: michael.hyde@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2007, a true and correct copy of the foregoing

Defendants' Opposition to Plaintiffs' Motion for Leave to Proceed Using Fictitious Names was

served by the Court's ECF system upon the following:

John T. Affeldt
Jenny Pearlman
Tara Kini
PUBLIC ADVOCATES, INC.
131 Steuart Street, Suite 300
San Francisco, CA 94105

Patrick Thompson
Nicole E. Perroton
Elizabeth F. Stone
GOODWIN PROCTER LLP
Three Embarcadero Center, Third Floor
San Francisco, CA 94111

Jeffrey Simes
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

David B. Cook
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Attorneys for Plaintiffs


_____/S/_____
MICHAEL Q. HYDE

Defendants' Opposition to Plaintiffs' Motion for
Leave to Proceed Using Fictitious Names
Case No. 3:07cv4299-PJH