JOHN T. AFFELDT (SBN 154430)
JENNY PEARLMAN (SBN 224879)
TARA KINI (SBN 239093)
PUBLIC ADVOCATES, INC.
131 Steuart Street, Suite 300
San Francisco, California 94105
Tel. (415) 431-7430
Fax (415) 431-1048
Email: jaffeldt@publicadvocates.org
       jpearlman@publicadvocates.org
       tkini@publicadvocates.org

JEFFREY SIMES (NY SRN 2813533), appearing *pro hac vice*
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 813-8879
Fax: (212) 355-3333
Email: jsimes@goodwinprocter.com

Attorneys for PLAINTIFFS
(Additional attorneys listed on following page)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONYA RENEE, et al., | Case No. 3:07-cv-04299-PJH |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| MARGARET SPELLINGS, et al., | |
| Defendants. | |

_____

[PROPOSED] ORDER
CASE NO. 3:07-cv-04299-PJH

PATRICK THOMPSON (SBN 160804)
NICOLE E. PERROTON (SBN 233121)
ELIZABETH F. STONE (SBN 239285)
GOODWIN PROCTER LLP
Three Embarcadero Center
24th Floor
San Francisco, California 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: pthompson@goodwinprocter.com
       nperroton@goodwinprocter.com

DAVID B. COOK (DC BN 113522), appearing *pro hac vice*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 346-4000
Fax: (202) 346-4444
Email: dcook@goodwinprocter.com

Attorneys for PLAINTIFFS

[PROPOSED] ORDER
CASE NO. 3:07-cv-04299-PJH

Plaintiffs in this case are children enrolled in the public schools of California, their parents or guardians, and community groups whose members include families with children in the public schools of California. Under the Administrative Procedure Act, Plaintiffs challenge a regulation implemented by Defendants, The United States Department of Education and the Secretary of Education, Margaret Spellings, implementing the "highly qualified" teacher provisions of the No Child Left Behind Act ("NCLB" or "the Act").

The parties agree that this issue raises a question of law and neither party asserts the existence of any material disputed fact that would preclude summary judgment.

UPON CONSIDERATION of Plaintiffs' Motion For Summary Judgment, and any proceedings deemed necessary, the Court finds that:

The No Child Left Behind Act (the "Act") defines "highly qualified" teacher, when used as to a public elementary school or secondary school teacher, to mean that

> (i) the teacher has obtained full State certification as a teacher (including certification obtained through alternative routes to certification) or passed the State teacher licensing examination, and holds a license to teach in such State, except that when used with respect to any teacher teaching in a public charter school, the term means that the teacher meets the requirements set forth in the State's public charter school law; and
>
> (ii) the teacher has not had certification or licensure requirements waived on an emergency, temporary, or provisional basis.

20 U.S.C. § 7801(23)(A).

The Act requires that all students must be taught by "highly qualified" teachers in all core classes as of the 2005-06 school year. 20 U.S.C. § 6319(a)(2). The Act further provides, *inter alia*, that states and districts must ensure that not-"highly qualified" teachers are equitably distributed and not disproportionately concentrated in poor and minority schools; that states and

school districts must develop plans to provide "highly qualified" teachers in all core academic classes and to arrange for equitable distribution of these teachers (*see* 20 U.S.C. §§ 6311(b)(8)(C), 6312(b)(1)(N), 6319(a)(2)-(3)), and establishes numerous provisions requiring reports to parents, the public, states and Congress on the presence and distribution of "highly qualified" and not-"highly qualified" teachers. *See, e.g.,* 20 U.S.C. §§ 6311(h)(6)(B)(ii), 6311(h)(2), 6319(b)(1)(A), 6311(h)(1)(C), 6319(b)(1)(B) and 6311(h)(4)-(5).

On December 2, 2002, Defendants enacted a regulation that defines "highly qualified teacher" to include, among others, a teacher who

    i.   Is participating in an alternative route to certification program under which –

        (A)   The teacher –

            (1)   Receives high-quality professional development that is sustained, intensive, and classroom-focused in order to have a positive and lasting impact on classroom instruction, before and while teaching;

            (2)   Participates in a program of intensive supervision that consists of structured guidance and regular ongoing support for teachers or a teacher mentoring program;

            (3)   Assumes functions as a teacher only for a specified period of time not to exceed three years; and

            (4)   Demonstrates satisfactory progress toward full certification as prescribed by the State.

34 C.F.R. § 200.56(a)(2)(ii).

Applying the standard set forth in *Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984), this Court must determine whether the challenged regulation "give[s] effect to the unambiguously expressed intent of Congress" or whether it is inconsistent with the intent of Congress as expressed in the Act.

2

The Court concludes that the Act is unambiguous in its requirement that a teacher may be deemed "highly qualified" only if that teacher has first obtained "full State certification as a teacher" and that teacher "has not had certification or licensure requirements waived on an emergency, temporary, or provisional basis." The challenged regulation is inconsistent with the clearly expressed intent of Congress, in that the regulation would permit teachers other than those with "full State certification" to be deemed "highly qualified"—namely, teachers who are still participating in alternative route certification programs, are only certified on a temporary basis not to exceed three years and are only making "progress toward full certification."

"A regulation may not serve to amend a statute, *Koshland v. Helvering*, 298 U.S. 441, 447 (1936), nor add to the statute 'something which is not there.' *United States v. Calamaro*, 354 U.S. 351 (1957)." *California Cosmetology Coalition v. Riley*, 110 F.3d 1454, 1460 (9th Cir. 1997). Because Defendants' regulation exceeds the scope of the NCLB Act, it must be struck down as violative of the Administrative Procedure Act. *See* 5 U.S.C. § 706; *California Cosmetology*, 110 F.3d at 1459-60; *Eisinger v. Federal Labor Relations Auth.*, 218 F.3d 1097, 1105 (9th Cir. 2000).

Because the regulation contravenes the unambiguous, plain language of the statute, the Court's inquiry ends there, and there is no need to look further into the legislative history or underlying purposes of the Act to divine its meaning, nor cause to give Defendants any deference in their interpretation of the statute. *See Chevron*, 467 U.S. at 843-44; *Shivaraman v. Ashcroft*, 360 F.3d 1142, 1146 (9th Cir. 2004).

Where, as here, an agency exceeds the scope of its authority by promulgating a regulation in conflict with the statute, the regulation is null and void and the agency is properly enjoined

3

from utilizing the rule in any respect. *See Schneider v. Chertoff*, 450 F.3d 944 (9th Cir. 2006); *Earth Island Institute v. Ruthenbeck*, 490 F.3d 687, 698-99 (9th Cir. 2007); *NRDC v. EPA*, 966 F.2d 1292, 1304 (9th Cir. 1992).

Accordingly, it is ORDERED that Plaintiffs' Motion for Summary Judgment is hereby GRANTED; and it is further

ORDERED that the challenged regulation, 34 C.F.R. § 200.56(a)(2)(ii), is void and unenforceable as it is inconsistent with 20 U.S.C. § 7801(23)(A) as reviewed under the *Chevron* standard; and it is further

ORDERED that Defendants Margaret Spellings and the United States Department of Education are enjoined from utilizing, enforcing or relying upon the definition of "highly qualified" teacher set forth in 34 C.F.R. § 200.56(a)(2)(ii); and it is further

ORDERED that Defendants Margaret Spellings and the United States Department of Education are enjoined to utilize and enforce the definition of "highly qualified" teacher as set forth in 20 U.S.C. § 7801(23)(A); and it is further

ORDERED that Defendants Margaret Spellings and the United States Department of Education will, within ten (10) days of this Order, inform all States and local educational agencies subject to the Act that the definition of "highly qualified" teacher set forth in 34 C.F.R. § 200.56(a)(2)(ii) is no longer valid and in effect and that all such states and local educational agencies must conform to the definition of "highly qualified" teacher set forth in 20 U.S.C. § 7801(23)(A); and it is further

ORDERED that Defendants Margaret Spellings and the United States Department of Education are enjoined from submitting the 2005-2006 report to Congress on teacher quality and

the percentage of classes nationwide taught by "highly qualified" teachers, pursuant to 20 U.S.C. § 6311(h)(5)—as well as any further outstanding reports or future reports due to Congress relating to "highly qualified" teachers under NCLB—that fail to designate teachers participating in alternative certification programs as not "highly qualified"; and it is further

ORDERED that Defendants Margaret Spellings and the United States Department of Education notify Congress that the 2002-2003 report provided to Congress pursuant to 20 U.S.C. § 6311(h)(5) relied on an unlawful definition of "highly qualified" teacher and was therefore inaccurate.

                                               _____
                                               HON. PHYLLIS HAMILTON
                                               United States District Judge

Dated: _____, 2008

[PROPOSED] ORDER
CASE NO. 3:07-cv-04299-PJH